## BOONE COUNTY v. JONES ET AL.

1. **Bond:** ORIGINAL UNDERTAKING: CO-SURETIES. An officer holding over executed a bond for the full term, but having been re-elected at the next general election, he executed a new bond for the unexpired portion of the term. A defalcation having occurred, judgment was rendered against the sureties on the last bond for the whole amount. *Held,* that the last bond was not additional, or secondary to the first, but was an original undertaking; and that the sureties on the first bond were not co-sureties with those on the last bond, and could not be compelled to contribute to pay the judgment.

*Appeal from Polk Circuit Court.*

MONDAY, APRIL 24.

IN 1874 the defendant Jones was elected and qualified as treasurer of the plaintiff. His term of office expired January,

1876. At an election held in 1875 one Snell was elected as the successor of Jones. Snell died before the time arrived for him to qualify. In January, 1876, Jones qualified as holding over officer, executed the bond sued on for the full term of two years and entered upon the discharge of his duties for that time. It is alleged in the petition in due form that Jones proved a defaulter, and this action was brought on the bond aforesaid to recover for the defalcation.

The appellant intervened and filed a petition of intervention, claiming rights adversely to the defendants as to the subject-matter of the action, and asking he be permitted to join the plaintiff in the relief demanded. As grounds for the intervention the appellant admitted the allegations of the petition and denied those of the answer, and "for cross-bill and grounds of equitable relief herein, the intervenor shows unto the court in addition to the allegations of the petition, in substance, the following facts: That notwithstanding Jones qualified and entered upon the discharge of his duties for the full term of two years, the electors at an election held in 1876 voted for persons to fill the office of treasurer as though there was a vacancy when in fact there was none. The votes, however, were canvassed and it was found Jones received a majority of all the votes cast for said office. That the plaintiff's board of supervisors entertained the opinion no vacancy existed, or would exist, after Jones qualified as a holding over officer, until the expiration of two years thereafter, but, as the election was full and fair to relieve the question of all doubt, the board gave Jones the option to file another bond and qualify anew, which he did on November 18, 1876. The appellant and others signed such bond as sureties for said Jones. In February, 1878, the plaintiff commenced an action on said bond alleging Jones was a defaulter and for the amount of defalcation sought to recover on the last named bond. A judgment was rendered in said action against appellant and others for fourteen thousand dollars, which was afterward affirmed by this court. For a statement of the issues and questions de-

termined in that action see *Boone County v. Jones*, 54 Iowa, 699. That in truth and in fact the said Jones did not become a defaulter after the execution of the last named bond, but that the defalcation for which a recovery was obtained against the appellant occurred prior to the 18th day of September, 1876, and the defendants became and are liable in equity for such defalcation; that the question as to when the defalcation occurred was not adjudicated by the court in the action aforesaid, because it was therein held the sureties were by reason of the existence of certain facts estopped from establishing the truth in relation thereto; that the bond signed by the appellant was "secondary and additional, or merely surety for the former bond, and the plaintiff ought to be required to exhaust its remedy against that bond before compelling him to pay any part of said judgment." The relief asked is, that the court require the defendants to pay all the defalcation, and in case it is found the bond signed by the appellant supercedes the bond sued on, the amount of the defalcation under each bond be ascertained and that judgment be rendered against defendants for the defalcation prior to September 18th, 1876. In an amendment to his petition appellant states he has paid to the plaintiff twenty-five hundred dollars on the bond signed by him, and judgment is asked against the defendants for that amount, and also that he be subrogated to all the rights of the plaintiff.

To the intervening petition and amendment some of the defendants demurred on the ground among others specified that the facts stated do not entitle the appellant to the relief demanded. The demurrer was sustained and the intervenor appeals.

*Hull & Whitaker* and *H. W. Maxwell*, for appellant.

*Wright, Cummins & Wright*, for defendants.

SEEVERS, CH. J.—I. It is insisted the bond executed by the appellant was secondary or additional to the bond sued on,

1. BOND: original undertaking: co-sureties.
and therefore the sureties on the last named bond are primarily liable no matter when the defalcation occurred. As a holding over officer Jones could only hold until the next general election and the qualification of his successor chosen at that time. *Dyer v. Bagwell*, 54 Iowa, 487. It is also said it is secondary because the board of supervisors, the defendants and Jones, understood the latter would hold the office for two years as a holding over officer. The understanding of the parties cannot control as to the length of time an officer will hold his office when the term is fixed by statute. The bond signed by the appellant, therefore, was not secondary but an original undertaking.

II. The appellant claims the true doctrine "to be, that when a surety pays the debt of a principal he may compel his co-sureties to contribute, and if the creditor has other securities out of which the debt can be made, then the surety paying the debt will have the right to full substitution and reimbursement." Conceding this to be so, it is evident the latter part of the proposition depends upon the question whether the right to contribution exists; and that depends on the further question, whether the person demanding contribution is a co-surety with the person on whom the demand is made. Several persons may be sureties for another to the same creditor and yet not be co-sureties. It may not be essential they should be bound by the same instrument, but they must be sureties bound for the performance of the same thing. The defendants were only bound for the performance by Jones of the duties incumbent on him for a period extending from the execution of the bond signed by them until the 18th day of September, 1876, and the liability of the appellant began when that of defendants ceased. Suppose the county had recovered of the defendants for defalcation which occurred during the first named period, could they have compelled appellant to contribute in payment of the judgment on the ground he was a co-surety with them? Clearly not, because the appellant never bound himself or became responsible for such defalcation. The con-

verse of this proposition must be true, and that is, if there was a defalcation after the 18th day of September, 1876, the appellant could not require the defendants to contribute to the payment of such defalcation. Therefore the defendants and appellant are not co-sureties entitled to contribution.

It is urged the demurrer admits the defalcation occurred prior to September, 1876, but this fact has no bearing whatever on the question of contribution. Conceding the admission to have full force and effect it amounts to this, that the appellant has paid or been compelled to pay the debt of the defendants because a judgment has been rendered against him therefor. Now, as we have seen, the appellant is not entitled to contribution. Is he entitled to recover because he has paid the debt of another under the circumstances stated in the pleadings? This question has not been presented by counsel for the appellant. There is some doubt whether such a case would come within the jurisdiction of a court of equity. But whether this is so or not, we do not feel called upon to determine the question suggested.

AFFIRMED.