THE CITY OF BOONE, Appellee, v. A. J. CARY, et al., Appellees, and THE FIRST NATIONAL BANK OF DENISON, Appellant.

**Municipal corporations:** CONTRACT FOR IMPROVEMENTS: APPLICATION 1 OF PAYMENTS. Where the contract for a public improvement reserved to the city the right to retain funds due the contractor and

apply the same to the payment of claims for labor and material, an assignment by the contractor of his earnings to secure repayment of borrowed money would not defeat the rights of such claimants; and, after adopting a resolution to withhold the issuance of further warrants, a deposit in court of the amount due the contractor for the purpose of paying such claims did not affect the preference right of such claimants to the fund.

Same: PRIORITY OF CLAIMS. Under a contractor's bond indemnifying the city against claims for injuries due to the contractor's negligence, the city could rightfully apply funds due on the contract to the payment of a judgment against the contractor for injury to an employee, and an assignee of certificates issued for the improvement, and held as security for borrowed money, could not complain.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

MONDAY, DECEMBER 15, 1913.

THE opinion states the case. Affirmed.

*Church & McCully,* for appellant.

*J. J. Snell, D. G. Baker, Stevens, Fry & Stevens, John W. Jordan,* and *Dunshee & Haines,* for appellee.

WEAVER, C. J.—The city of Boone by its proper officers let to A. J. Gary a contract for the construction of a sewer. The agreed price of the work was $36,531.11. About the time the work was completed Gary found himself involved in financial difficulties, being largely indebted for labor and materials employed in the construction of the sewer, and for money borrowed by him in prosecuting the enterprise. A judgment in the sum of $1,500 had also been rendered against him for personal injuries sustained by one Reed through the negligence of Gary in carrying on said work. By the terms of the contract it had been agreed that if before final settlement was made between the city and the contractor it should appear that the latter had failed to pay for labor and material used in constructing the sewer, the city was authorized to

"withhold warrants òr certificates in such amount as will satisfy such claims." Acting upon this stipulation, the city council did adopt a resolution electing to withhold warrants and certificates due the contractor in such amount as should be necessary to meet the claims for labor and material. Many such claims were presented. The First National Bank of Boone had advanced a large sum of money to Gary for the use in the work, and held as collateral security for its repayment Gary's order upon the city for all sums earned by him on said contract and also held sewer 'certificates issued by the city to the amount of $25,000. The surety upon Gary's bond, which indemnified the city against liability for damages for personal injuries sustained by any person by reason of Gary's negligence, also presented a claim, demanding that the Reed judgment above mentioned be paid from the moneys due Gary and still in the hands of the city. There were still other claims presented for groceries, supplies, board bills, and other incidental debts due from Gary, but not of a character to be classed as claims for material or labor entering into the construction of the sewer. It further appears that Gary had borrowed a considerable sum of money from the First National Bank of Denison, Iowa, and secured the same by an order drawn on the First National Bank of Boone for the delivery of "sewer certificates when received from the city of Boone, Iowa, their proportion of moneys to be advanced by them amounting to about $11,000.00 of the certificates assigned to you as collateral," which order was indorsed "Accepted" by the Boone bank. The city, in view of the multiplicity of claims and the controversies arising over matters of alleged preference, instituted this action in equity, making all claimants defendants, and, bringing the remainder of the contract price of the sewer into court, asked a decree directing its proper distribution. The defendants, or most of them, appeared and presented their several claims. The trial court, having heard the evidence on all the numerous issues joined, found and

decreed: First. That the amount earned by Gary under his contract was $36,531.11. Second. That the city had properly paid to or for Gary to apply on said sum the aggregate amount of $29,293.14, leaving in its hands an unpaid remainder of $7,237.97. Third. This remainder the court directed should be applied: First, to the payment of the costs of this proceeding, amounting to $111.55; second, to claims for material and labor, aggregating $3,976.69, with interest; third, to payment of the Reed judgment and interest and costs, taxed at $174.05; fourth, to the payment of the claim of the First National Bank of Denison, and thereafter to the payment of certain junior claims, which we need not particularize. From this decree the First National Bank of Denison alone appeals.

I. The appellant first complains that the city council, after adopting a resolution to withhold the issuance of further certificates and warrants on the Gary contract in order to make payment of claims for labor and material entering into the construction of the sewer, did not retain said sum in its own possession, or use it for the payment of such claims, but deposited it in court, and brought this action to have its distribution judicially determined. We think there is nothing in this action of the city or city council of which the appellant can justly complain. The right to so retain the money and apply it to the payment of claims for labor and material was expressly reserved in the contract and no assignment by Gary of his earnings under the contract to secure or repay his indebtedness for borrowed money could operate to defeat that right. See *District* v. *Mardis*, 106 Iowa, 295. In other words, an assignment by Gary of his earnings under the contract for which certificates or warrants had not already been issued was necessarily subject to the right of the city to withhold such warrants and certificates and apply the money due the contractor to the payment of the specified class of claims. If, having withheld the payment to the contractor for this purpose, the city found itself confronted with a multitude

1. MUNICIPAL CORPORATIONS: contract for improvements: application of payments.

of claims, and especially if those claims were in excess of the funds in its hands applicable thereto, or if the claimants were contending among themselves over doubtful questions of priority or preference, we see no reason why it could not, by appropriate action, bring the fund into court, and, having impleaded all the rival claimants, ask the court to decree its proper application.   Code, section 3103.   The city did withhold the issuance of warrants and certificates against the remainder of the fund in its hands, and when it comes into court with that fund in its hands expressing its readiness to have the same applied to such claims as may be entitled to share therein, it is within its rights, and we can see no reason for saying that this preference which the contract gave to persons holding claims for labor and material was in any manner removed or lost.

But the appellant says that neither the trial court nor the city required the holders of these claims to perfect them under the provisions of Code, section 3102, which provides for preference to subcontractors upon a work of public improvement who properly file and give notice of their claims.   But we think the rights of the laborers and materialmen in this case do not depend upon their compliance with that provision, and the city was not required to insist upon compliance with it. The right to make payment of such claims was reserved in the contract.   In other words the right is contractual—not statutory.   The city in such case is bound only to take care that the debts it thus assumes to pay for the contractor are *bona fide* claims for labor or material, and if this be done, other creditors who are thus postponed suffer no wrong. Counsel argue this feature of the case on the theory that this provision of the contract was intended solely as a protection to the city against the assertion or enforcement of claims under the statute above cited.   We do not so construe the agreement.   It was the right of the city in letting the contract to insure, so far as practicable, that the money which became due to the contractor should be applied to the payment of its

own citizens and others who furnished the labor and materials necessary to make the improvement. Having made such contract, it may possibly be that it was not bound to exercise the right so reserved, but having exercised it, and having called upon the laborers and materialmen to present their claims for adjustment, then, if not before, the holders of such claims acquired a right to the fund so withheld for their benefit; and, as we have already said, the rights of neither city nor claimant were waived or lost by bringing the matter into court for adjustment.

II.    It will be observed that Gary had received and put up as collateral with the Boone bank $25,000 in sewer certificates. Gary's order given to the Denison bank was not an order on the city, but on the Boone bank, and seems to have contemplated that the latter bank would release some of its collateral to the former. The debt to the Boone bank was something over $20,000, and after satisfying this, as we have already noted, it turned the remainder over to the Denison bank. It is not clear just how this transaction puts the Denison bank in position to assert any right to recover from the city. True the Boone bank held something in the nature of an assignment or order from Gary for all his earnings under the contract, and it had accepted Gary's order for certificates in favor of the Denison bank. But the assignment or order to the Boone bank was confessedly a matter of security only for its advances or loans to Gary. So far as appears, no more than $25,000 in certificates were ever delivered under this order, and this amount proved enough to pay the debt in full, with a remainder of over $4,000, of which the Denison bank got the benefit. The collateral having served its purpose, and the debt it secured having been paid, it is, to say the least, a matter of doubt whether the Boone bank had any legal right to call on the city for additional certificates for no other purpose than to turn them over to the Denison bank in satisfaction of the order which it had accepted. But the defendant being the only appellant, that matter is perhaps not directly involved

in this consideration except as it bears upon the inquiry whether appellant has suffered any prejudice by the decree entered below. The court did recognize appellant as having an equity to be protected, and allowed its claim subject only to the preference given to the costs of the case, the claims for labor and material, and the Reed judgment.

As we have already indicated, the priority given to the claims of laborers and materialmen must be upheld. So also as to the Reed judgment. The bond given by Gary expressly

2. SAME: priority of claims. indemnified the city against such claims, and duty to itself, as well as to the surety on the bond, required it to apply the money in its hands to the satisfaction of that claim. We find no reason for disturbing the order of priority fixed by the court for the payment of claims.

III. There is a suggestion in the record that the sum withheld by the city and brought into court does not represent the full amount due and unpaid to Gary, but we find no evidence upon which we would be justified in reaching such a conclusion.

Counsel further seems to think that while as between Gary and the city the latter would be justified in withholding the amount of the Reed judgment, yet that in some way the appellant's right has "intervened," and that judgment should have been rendered for this item against the surety company, thus increasing by that amount the sum left to apply on appellant's claim. In our judgment this cannot be. The appellant, a general creditor, could not thus acquire any intervening rights which would disturb or change the relation existing between Gary and his surety and the city which was the obligee in the bond. The utmost effect of the order or assignment under which appellant claims would be to place it in Gary's stead. The stream cannot rise above its source, and if Gary could not successfully object to the payment of the judgment from the funds in the city's hands, the appellant as his assignee cannot object.

The record is not entirely clear as to some of these details,

but we think it is sufficiently shown that all the materials did enter into the construction of the ditch, that the claims have not been paid, and that the court did not err in allowing them.

The decree of the trial court is *Affirmed*.

DEEMER, GAYNOR, and WITHROW, JJ., concur.