IOWA PIPE & TILE COMPANY, Appellant, v. PARKS & GERBER
et al., Defendants, Appellees.

MECHANIC'S LIEN:   Claim of Subcontractors Against Public Cor-
porations—Drainage Districts.   A material man furnishing ma-
terial to the principal contractor engaged in constructing a drain-
age improvement under Chapter 2-A, Title X, Supp. Code, 1913,
is not entitled to a so-called mechanic's lien under Sec. 3102 of
the Code, against the county whose board of supervisors enter
into a contract on behalf of the drainage district for the con-
struction of such improvement.   (But now see Sec. 1989-a57, Supp.
Code, 1913.)

MECHANIC'S LIEN:   Equitable Claim to Fund—Failure to Show
Amount Due.   A subcontractor, seeking to establish an equitable
claim to a fund in the hands of a county for the payment of a
drainage improvement, must at least show the amount due the
principal contractor from the county, especially when the con-
tractor has assigned his contract to another party.

*Appeal from Hamilton District Court.*—HON. R. M. WRIGHT,
Judge.

TUESDAY, MARCH 16, 1915.

ACTION by plaintiff as a subcontractor to recover against
a public corporation under the provisions of Code Sec. 3102
the value of materials furnished for a public improvement.
A general equitable demurrer to the petition was sustained.
Plaintiff appeals.—*Affirmed.*

*A. N. Boeye,* for appellant.

*D. C. Chase,* for appellees, Holland Drainage District
No. 102, Hamilton County, Iowa, Board of Supervisors of
Hamilton County, Iowa, A. J. Peterson, County Auditor of
Hamilton County, Iowa.

*Thompson & Meltzer,* for appellee, W. H. Minard.

EVANS, J.—The defendants are: Hamilton County, Iowa; its county auditor; its board of supervisors; a purported drainage district within the county; Parks & Gerber and W. H. Minard. It appears from the petition that Parks & Gerber entered into a contract to construct a certain drainage improvement for a drainage district in said county. The material allegations of the petition are as follows:

1. MECHANIC'S LIEN: claim of subcontractors against public corporations: drainage districts.

"Par. 2. That on January 11th, 1911, the defendant Hamilton County, and the defendants The Board of Supervisors of said county for and in behalf of the drainage district aforesaid, entered into a written contract, dated February 23rd, 1911, with the defendants Parks & Gerber for the construction in said Holland Drainage District No. 102 of a certain drain composed of tile and pipe, at the agreed price of $2,382, payable upon estimates of work done under said contract as furnished from time to time by the engineer in charge of said work.

"Par. 3. That on February 9th, 1911, this plaintiff entered into a verbal contract with the defendants Parks & Gerber to furnish said firm tile and pipe to be used in the construction of the drain in the district aforesaid, under the contract referred to, and on March 23rd, 1911, and from time to time thereafter until September 14th, 1911, and including the latter date, the plaintiff furnished tile and pipe under said contract with said Parks & Gerber, which was used by them in the construction of said drain as aforesaid, of the value of $1,234.97, no part of which has been paid except the sum of $106.50, leaving still due plaintiff the sum of $1,128.47, with interest at 6 per cent per annum from September 14th, 1911, an itemized statement of said pipe and tile being hereto attached marked Exhibit 'A' and made a part hereof.

"Par. 4. That on September 19th, 1911, plaintiff filed with the defendant A. J. Peterson, the County Auditor of the

defendant Hamilton County, Iowa, its itemized sworn statement of its demand and claim for said tile and pipe so furnished as aforesaid.

"Par. 5. That on September 12th, 1911, said contract was assigned to the defendant W. H. Minard.

"Par. 6. That the drain provided for by the contract aforesaid between said Holland Drainage District No. 102 and the defendants Parks & Gerber has been completed and said contract performed, and only $832.46 was paid to said Parks & Gerber prior to the filing of plaintiff's claim, said payment being made August 26th, 1911."

A copy of the contract and of the claim filed with the county auditor are also set out. An amendment to the petition contained the following allegations:

"Par. 2. That the improvement provided for by the contract aforesaid has been completed to the satisfaction of the engineer in charge, and has been accepted by the defendant Board of Supervisors."

It will be seen from the foregoing that the cause of action is predicated wholly upon Sec. 3102, above referred to, which is as follows:

"Every mechanic, laborer, or other person who, as a subcontractor, shall perform labor upon or furnish materials for the construction of any public building, bridge or other improvement not belonging to the state, shall have a claim against the public corporation constructing such building, bridge or improvement for the value of such services and material, not in excess of the contract price to be paid for such building, bridge or improvement, nor shall such corporation be required to pay any such claim before or in any different manner from that provided in the principal contract. Such claim shall be made by filing with the public officer through whom the payment is to be made an itemized sworn

statement of the demand, within thirty days after the performance of the last labor or the furnishing of the last of
the material, and such claims shall have priority in the order
in which they are filed.''

In support of the ruling on demurrer, the appellees challenge the sufficiency of the statement of account filed by the
plaintiff as the basis of its claim and the sufficiency of the
filing of the same as not having been filed with the proper
officer. In our judgment, these objections are without merit.
In view of our conclusion on the larger merits of the case,
we need not discuss these preliminary objections.

The larger question is whether the section above quoted
has any application to the case before us. It may be conceded that a slight change in the terminology of the statute
could have rendered it applicable. It may be noted also that
a statute similar in its effect was enacted by the Thirty-fifth
General Assembly, being Chapter 155 and now appearing as
1989-a57, Code Supplement, 1913.

The rights of the parties herein must be determined,
however, under the statute herein quoted. The remedy therein
provided creates for a subcontractor a qualified ''claim against
the public corporation constructing such  . . .  improvement for the value of such services and materials.'' This is
the precise form and extent of the remedy provided. We need
take no account at this point of the limitations set upon such
remedy. The only public corporation which is a party defendant in this case is Hamilton County. Though paragraph
two of the petition avers that Hamilton County entered into
the contract with the principal contractor, it appears from the
written contract itself, which is set out as an exhibit, that
Hamilton County was not a party to the contract at all, nor
did the contract so purport. The contract was entered into
on behalf of the drainage district and its beneficiaries by the
chairman of the board of supervisors and the county auditor,
in obedience to the provisions of the statute in such cases.
It is not claimed in argument that the county was a party

to the contract or that it had any interest in the improvement as a corporation. A judgment was rendered for the plaintiff against the principal contractor. There was no other defendant personally liable under the contract and no other person or corporation liable under the statute except the "public corporation constructing such improvement." On the face of the statute, therefore, it must be said that it does not reach plaintiff's case.

The plaintiff urges, however, that we have heretofore applied this statute to such a claim in the case of *Humboldt County v. Ward Bros.*, 163 Iowa 510. Examination of that case will disclose that this question was not passed on therein. The case was such that the question could have been raised by the appellant therein, but it was not. The only question raised by the appellant in that case was that the claims were filed after thirty days and were, therefore, filed too late. Neither the county nor the public officers representing the interests of the drainage district were resisting such claims in that case. Only the principal contractor and his surety resisted the same. We held that "independent of the statute" the claimants were entitled to the funds as against the contractor. The value of their labor and material had entered into the previous estimates upon which the contractor had drawn 80% of the amount of his contract. The claimants asked that they be adjudged to have a claim against the remaining 20%. We held them equitably entitled to such relief, regardless of the statute, and that the rights of the surety were no greater at this point than those of the contractor whose performance it insured.

In the case before us, the facts pleaded in the petition would not warrant equitable relief independent of the statute. The allegation that only $832 had been paid the principal contractor when the plaintiff filed his claim is not equivalent to an allegation that any further sum had been earned by or was due to the contractor. The contract provided for payment in installments as the work progressed and according

2. MECHANIC'S LIEN : equitable claim to fund : failure to show amount due.

to the value of the work done as estimated by the engineer. This allegation might be true and it might still be true that nothing more was due the contractor and that he never earned anything more. Surely if plaintiff's suit had been instituted at that time and before the performance of the enterprise, it would not be claimed that the right of the plaintiff was higher than that of the public officials to use the funds in their hands to finish the work. The petition avers that on September 12, 1911, the contract was assigned to Minard. The contract being executory and unperformed, such assignment amounted to a subletting, and under the contract could only be done with the consent of the public officials. In such case, Minard would not be a mere assignee of moneys earned and accrued. He stands in a different relation and with higher claims of equity than such an assignee. We cannot aid the averments of the petition by presumption or intendment for the purpose of reversing the ruling of the trial court. On the contrary, the pleading must be construed against the pleader. The allegation of the amendment that the "improvement provided for by the contract has been completed to the satisfaction of the engineer in charge and has been accepted by the defendant Board of Supervisors" is not equivalent to an allegation that Parks & Gerber ever earned by performance any more than the $832 which was paid to them. Of course, if the case were governed by the provisions of the statute, this discussion might be quite irrelevant. It pertains only to the query whether the petition shows the plaintiff entitled to equitable relief independent of the statute. For the reasons indicated, we think the question must be answered in the negative. The demurrer was, therefore, properly sustained and the order is—*Affirmed.*

DEEMER, C. J., LADD and PRESTON, JJ., concur.