JAEGER MANUFACTURING COMPANY, Appellee, v. MASSACHUSETTS BONDING & INSURANCE COMPANY, Appellant.

No. 45059.

OCTOBER 15, 1940.

Stipp, Perry, Bannister & Starzinger, Carl Burkman, and Donald Holdoegel, for appellee.

Comfort, Comfort & Irish, for appellant.

OLIVER, J.—Jaeger Manufacturing Company brought this action at law against Massachusetts Bonding and Insurance Company, as surety upon the statutory bond or bonds of a certified public accountant. Count I of the petition alleged that on or about October 30, 1933, one Irving A. Potwin, as principal, and the defendant, as surety, filed in the office of the auditor of the state of Iowa the following bond:

"Accountant's Bond.

"Know All Men By These Presents:

"That we, Irving A. Potwin, as principal, and the Massachusetts Bonding and Insurance Company, a Corporation of Boston, Mass., as surety, are held and firmly bound unto the Auditor of the State of Iowa in the sum of $5,000.00, * * *.

"Whereas, the Board of Accountancy of the State of Iowa, has issued to the said Irving A. Potwin, principal, a certificate to practice as a public accountant in this State, under the provisions of Chapter 91 C-1, Code of Iowa 1931, [now chapter 91.1, Code of 1939] * * *.

"Now, therefore, the conditions of this obligation are such that if the said Irving A. Potwin, principal, shall in all things faithfully perform his duties as outlined in said Chapter 91 C-1, then this obligation to be void; otherwise to remain in full force and effect.

"It is agreed and understood that this bond may be cancelled at any time by the Board of Accountancy upon notifying the surety, or by the Surety's giving thirty days' written notice to such Board of Accountancy.

"This bond is effective this 1st day of November, 1933, and expires this 1st day of November, 1934, unless continued by a continuation certificate.

"Dated and sealed this 16th day of October, A. D., 1933.

"(Signed)   Irving A. Potwin.
"Massachusetts Bonding and Insurance
Company, Surety.

"* * *

"This bond is executed for a Certified Public Accountant."

Count I also alleged that during the period covered by the bond, November 1, 1933, to November 1, 1934, Potwin, in the

course of his employment by plaintiff as a certified public accountant, by means of forged and raised bank checks, wrongfully appropriated from plaintiff sums aggregating $4,818 and concealed said misappropriations by false entries in the records and audits of plaintiff. Upon this count judgment for $4,818 with interest was prayed.

Count II was based upon the following instrument filed in the office of said auditor of state:

"* * *"

"Continuation Certificate. * * *.

"In consideration of the sum of Twelve and 50/100 ($12.50) Dollars, Massachusetts Bonding and Insurance Company hereby continues in force Bond No. O-118921, in the sum of Five Thousand Dollars ($5000.00), on behalf of Irving A. Potwin, in favor of State of Iowa (Certified Public Accountant's Bond) for the period beginning on the 1st day of November, 1934, and ending on the 1st day of November, 1935, subject to all the covenants and conditions of said original bond heretofore issued on the 16th day of October, 1934.

"Provided the aggregate liability of Massachusetts Bonding and Insurance Company from the date of the issuance of said bond to the date of the expiration of this certificate shall not exceed the sum written above.

"Witness the signatures of the President and Assistant Secretary, this 29th day of October, 1934.

"Massachusetts Bonding and Insurance Company.

"By F. J. Falvey, President.

"Attest: E. H. Critchett, Assistant Secretary.

"Countersigned by C. L. Williams, Authorized Representative."

In this count plaintiff claimed the sum of $4,118 and interest for alleged misappropriations of Potwin during the period covered by said certificate, to wit: November 1, 1934, to November 1, 1935.

Counts III, IV and V were based upon 3 similar continuation certificates subsequently filed in the office of said auditor of state. These covered respectively the periods from November 1, 1935, to November 1, 1936, January 1, 1936, to January 1, 1937, and January 1, 1937, to January 1, 1938. The amounts allegedly

misappropriated during said periods and for which judgment was demanded upon these counts were respectively $5,218, $1,118 and $4,918 plus interest.

Defendant, by motion to strike, challenged the right of plaintiff to recover any sum in excess of $5,000, the penalty of the original bond. The trial court overruled said motion and defendant has appealed. Appellee joins with appellant in requesting the consideration of this appeal, and we are advised a decision upon the merits will expedite the disposition of this and related actions. If the order is not appealable, it may not be given such attribute by consent of the parties. However, it goes to the merits of the controversy and under the circumstances we are disposed to resolve any doubts in favor of its appealability.

The appeal presents but one question, did the several continuation certificates operate only to extend the time during which the original bond was in effect without increasing the total liability of the surety above the $5,000 penalty fixed in said original bond, or was the original bond and each certificate an independent undertaking in the penal sum of $5,000, covering the particular period mentioned therein?

Before considering this question it may be said that the bond or bonds here in question are statutory in character as distinguished from bonds not required by statute. Code section 1062 provides:

"All bonds required by law shall be construed as impliedly containing the conditions required by statute, anything in the terms of said bonds to the contrary notwithstanding."

It is well settled that the obligations on a bond required by statute are measured by the particular statute requiring the bond, together with other applicable statutes. In other words the provisions of the statute are read into the bond. Whisler v. Estes, 216 Iowa 491, 249 N. W. 264; Charles City v. Rasmussen, 210 Iowa 841, 232 N. W. 137, 72 A. L. R. 638; In re Estate of Durey, 215 Iowa 257, 245 N. W. 236; Iowa Tr. & Sav. Bank v. Soppe, 215 Iowa 1242, 247 N. W. 632.

"It is the statute that grants, measures, and limits the remedy of the plaintiff upon the bond. Such a bond is not elastic." Queal Lumber Company v. Anderson, 211 Iowa 210, 216, 229 N. W. 707, 709. If the purported obligation of the bond by its terms

extends beyond the limits fixed by the statute, such excess provisions will be deemed surplusage, and the bond will be enforced in accord with the statute. Schisel v. Marvill, 198 Iowa 725, 197 N. W. 662; Monona County v. O'Connor, 205 Iowa 1119, 215 N. W. 803; Bateson v. Marshall County, 213 Iowa 718, 239 N. W. 803.

Likewise, conditions of the bond which seek to define liability thereon of a character less than that fixed by statute will be disregarded. Curtis v. Michaelson, 206 Iowa 111, 219 N. W. 49; Philip Carey Company v. Maryland Casualty Company, 201 Iowa 1063, 206 N. W. 808, 47 A. L. R. 495. Nor does the acceptance and approval of the bond in such form alter the foregoing rule, since the approving officer has no authority to waive or set aside the express provisions of the statute. Leach v. Commercial Savings Bank, 205 Iowa 975, 213 N. W. 612; Leach v. Commercial Savings Bank, 205 Iowa 1154, 213 N. W. 517; Curtis v. Michaelson, 206 Iowa 111, 219 N. W. 49.

From the foregoing it is manifest that the statute and not the form of the bond and continuation certificates is controlling in this case. Therefore, the provisions of the continuation certificates which seek to limit appellant's total liability upon all the instruments to the penalty of the original bond are effective only to the extent the same accord with the liability fixed by statute.

Nor is it material in this suit against the surety that the continuation certificates were not in form to be executed by the principal and were executed by the surety alone. See Empire State Surety Company v. Carroll County, 194 F. 593, 114 C. C. A. 435; Carroll County v. Ruggles, 69 Iowa 269, 28 N. W. 590, 58 Am. Rep. 223.

The statutory provisions governing accountancy were enacted as chapter 59 of Forty-third General Assembly and now constitute chapter 91.1, Code of Iowa, 1939. Section 1905.13, Code of 1939, contained in this chapter, provides:

"Registrations and certificates to practice shall be subject to renewal in December, of each year upon payment of the fees provided by this chapter."

Code section 1905.11 contains the following:

"Every person having been granted a certificate to practice accountancy under the provisions of this chapter, or any renewal

thereof, shall give a bond in the sum of five thousand dollars to the auditor of state before entering upon the discharge of his duties for the faithful performance of the same."

In brief these sections require the renewal of certificates to practice each December, and also that every person granted a certificate, "or any renewal thereof", shall give a $5,000 bond for the faithful performance of his duties.

Our attention has not been called to any other statute employing the foregoing language. The previous accountancy act did not require the renewal of certificates but provided for the payment of annual dues, failing which the certificate would be suspended. The bond section (section 1898 of the Code of 1927) was quite similar to the present statute except that it did not contain the words "or any renewal thereof".

An example of differing language is found in the Iowa securities act which was enacted at the same legislative session as the statute here in question and which provides with reference to the bond of a dealer in securities, "Such bond may be drawn to cover the original license and any renewals thereof". That act also provides that upon suits being commenced in excess of the amount of the bond the secretary of state may require additional bond. We have had occasion to consider that statute in Witter v. Massachusetts Bonding & Insurance Co., 215 Iowa 1322, 247 N. W. 831, 89 A. L. R. 1065, and have interpreted it as limiting the liability of the surety to the amount of the original bond (in a case in which an additional bond had not been given) irrespective of the number or amount of the claims.

The statute here involved contains no provision by which an additional bond may be required in case the penalty of the bond is exhausted. Nor does it contain a provision permitting the bond to be drawn to cover more than one term of the license. It provides that every person granted a certificate or any renewal thereof shall give a $5,000 bond. The phrase "or any renewal thereof" was presumably employed advisedly by the legislature and should not be interpreted as being without meaning or effect. Its natural and ordinary meaning is that any renewal of the certificate requires a new and independent undertaking.

These bonds are in some respects similar to bonds of public officers holding office for fixed terms. It is the settled rule that

the surety upon such a bond will be liable only for defaults during the term for which the bond is given and not for subsequent terms even though the bond does not express the time or term. Wapello County v. Bigham, 10.Iowa 39, 74 Am. Dec. 370; Boone County v. Jones, 58 Iowa 373, 12 N. W. 313; 22 R. C. L. 513, section 199; 81 A. L. R., note page 10 et seq. The reason for the limitation of a statutory bond to the period and purpose of the statute is the prevention of the absorption of its penalty by defaults not covered thereby and the consequent defeat of its statutory purpose. The 1-year term of the license of an accountant is comparable to the fixed term of a public office. In both cases the bond covers that term only and a new undertaking is required for each succeeding term.

Surety companies customarily make annual premium charges for many bonds. However, such periodic charges do not determine the character or term of a statutory bond. If it is of a continuing character, such as the bond of a guardian or of a dealer under the securities act, it may cover a term of uncertain duration. Many premiums may be charged and paid and continuation certificates issued accordingly without increasing the amount of the liability of the surety. Obviously, the term of a statutory bond is not measured by the period for which premium has been charged.

In the case at bar the statute requires a bond for a specific term as distinguished from a bond continuing for an indefinite term. It happens that this specific term is 1 year and that the bond and subsequent so-called continuations cover terms of 1 year each. Each continuation certificate contains a clause by which appellant attempts to limit its total liability to the amount of the original penalty, as in the case of a continuing bond. This may not be done. Liability here must be measured by the statute and not by appellant's intentions nor the form of bond.

The statute requires a new $5,000 bond for each year of the license. Consequently, the bond and each continuation certificate constitutes a separate and independent undertaking. Upon each, the surety may be held liable for the full amount of the penalty, on account of defaults or breaches occurring during the respective term covered by said instrument.

Therefore, the overruling of the motion to limit the right of

recovery to $5,000 was not error. It follows the order should be affirmed.—Affirmed.

RICHARDS, C. J., and BLISS, SAGER, and HALE, JJ., concur.

MILLER, J., takes no part.