[No. 21023–8–I.  Division One.  December 27, 1988.]

PAINTERS TRUST, ET AL, *Appellants,* v. T.R. COFFEE & ASSOCIATES, INC., ET AL, *Respondents.*

*John Ranquet,* for appellants.

*Shawn R. Hicks,* for respondents.

*Kenneth O. Eikenberry, Attorney General,* and *Byron L. Brown, Assistant,* amici curiae for respondents.

WILLIAMS, J.—Painters Trust, Western Washington Painters Pension Trust, Western Washington Apprenticeship and Training Trust, ERISA trustees for unions contracting with T.R. Coffee & Associates, Inc., brought an action against Coffee for delinquent contributions, and against Contractor's Bonding and Insurance Company, the obligor on the bonds required of Coffee by the registration of contractors act. The Superior Court established the

amount due but denied recovery on one of the bonds. We reverse on the question of the liability of Contractor's Bonding.

Contractor's Bonding filed a $2,000 bond with the Department of Labor and Industries pursuant to RCW 18.27.040 as part of Coffee's application for registration as a contractor for the period from February 1, 1983, to February 1, 1984. It also furnished the bond upon Coffee's renewal of the registration for the period from February 1, 1984, to February 1, 1985, the amount having been increased by the Legislature to $4,000.

On November 6, 1984, Painters Trust filed a complaint for unpaid contributions and liquidated damages of $4,017.92 for the 5 months from October 1983 through February 1984, and $3,000 in attorney fees. When a number of other claims were brought in a separate lawsuit, Contractor's Bonding deposited $4,000 into court, which sum by stipulation was allocated and distributed to the various claimants. Painters Trust received $1,812.15 as its pro rata share.

Painters Trust then went forward seeking the balance due from the $2,000 bond for the delinquencies accruing in 1983. Contractor's Bonding argued and the Superior Court decided that the 1983 bond was superseded by the renewal bond for $4,000 and was not available to make up the balance due for the 1983 delinquencies.

■ The scheme established by RCW 18.27.040 is that specialty contractors are required to purchase a bond in the amount of $2,000 (increased to $4,000 in 1983) at the time of registration.

Each applicant shall, at the time of applying for a certificate of registration, file with the department a surety bond issued by a surety insurer who meets the requirements of chapter 48.28 RCW in a form acceptable to the department running to the state of Washington if a general contractor, in the sum of four thousand dollars; if a specialty contractor, in the sum of two thousand dollars, conditioned that the applicant will pay all persons performing labor, including employee benefits, for the

contractor, will pay all taxes and contributions due to the state of Washington, and will pay all persons furnishing labor or material or renting or supplying equipment to the contractor and will pay all amounts that may be adjudged against the contractor by reason of negligent or improper work or breach of contract in the conduct of the contracting business. . . . The surety upon the bond shall not be liable in an aggregate amount in excess of the amount named in the bond. . . .

Former RCW 18.27.040, in part. Thus, a surety is liable for claims accruing during each registration period up to the limit of the bond in effect for that year. The claims are to be filed during that year or within 1 year thereafter. RCW 18.27.040. The claims accruing during the 1983 registration period are proper charges against the bond filed for that year. That a bond may be "continuous" in that it runs from year to year upon payment of annual premiums is for convenience, and does not detract from its being posted and the premium therefor paid for each registration year with the obligation to pay the claims accruing during that year. *See Jaeger Mfg. Co. v. Massachusetts Bonding & Ins. Co.,* 229 Iowa 158, 294 N.W. 268 (1940).

The argument of the Department and Contractor's Bonding that the claims are to be paid only from the bond in effect during the registration year they are filed and Painters Trust's argument that the successive bonds "cumulate" to supply an ever increasing resource for future filings of claims are not supported by the statute. The limitation of the liability upon a bond to "an aggregate amount" no more than the face of the bond means that the surety will be required to pay no more than the amount of the bond for all claims accruing during the registration year for which the bond was posted.

Contractor's Bonding argues that the Legislature did not intend this result because it provided for the deposit of cash in lieu of a bond. Former RCW 18.27.040 (currently codified at RCW 18.27.040(6)). That makes no difference. The deposit, whether in the form of a bond or cash, stands to pay claims accruing during the registration year. As with

the bond, the cash deposit must be held to indemnify claims accruing during the registration year and which are claimed during that year or within 1 year thereafter.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

SCHOLFIELD, C.J., and SWANSON, J., concur.