HENRY TEGET, Appellant, v. POLK COUNTY DRAINAGE DITCH No. 40 et al., Appellees.

MECHANICS' LIENS: Public Improvements—Right to Lien—Groceries, 1    Meats, Oil, and Money Loaned. A statute which grants to a sub-contractor on a public improvement a claim or lien on public funds "for *labor* performed or *materials* furnished for the construction" does not embrace a claim or lien for groceries, meats, and oil sold,

and money loaned, to such contractor to enable him to execute his contract.

**PRINCIPAL AND AGENT:** Agency—Evidence—Sufficiency. Evidence
2   held insufficient to establish agency.

**ATTORNEY AND CLIENT:** Compensation—Non-permissible Allowance
3   by Court. The allowance by the court of attorney fees to a party
    not contemplated by the statute is manifestly erroneous.

Headnote 1: 19 C. J. p. 695. Headnote 2: 2 C. J. p. 954. Headnote
3: 19 C. J. p. 695.

Headnote 1: 15 L. R. A. (N. S.) 509; 18 R. C. L. 918. Headnote 2:
21 R. C. L. 820.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 23, 1926.

Action for mandamus. The case is stated in the opinion.—
*Modified and affirmed.*

*Burnstedt & Hemingway,* for appellant.

*Vernon R. Seeburger,* County Attorney, *Loy Ladd,* Assistant County Attorney, and *Hallagan & Fountain,* for appellees.

STEVENS, J.—I. The appellant, Teget, commenced this action in equity against Polk County Drainage District No. 40, the county auditor, and the board of supervisors, for a writ of
I. MECHANICS'
LIENS: public
improvements:
right to lien:
groceries, meats,
oil, and money
loaned.
mandamus to compel the county auditor to deliver to him warrants for the balance alleged to be due him on the contract for the construction of the drainage district above designated. Various persons who alleged that they furnished material or performed labor in the construction of the drainage improvement separately intervened, and prayed judgment against appellant and the defendants for the amount due therefor. The claims of interveners were all filed in the office of the county auditor within the time required by law. The defendant board of supervisors filed answer, setting up various defenses; but, as there is no appearance in this court for any of the defendants, we need not further notice these defenses. The

trial below was largely upon the issues joined between appellant and interveners. The defendants admit that there is a balance due on the contract for the construction of the improvement in the sum claimed by appellant. The court sustained the claims of interveners, and rendered judgment against appellant therefor, and also rendered judgment in appellant's favor for the balance due on the contract. The contract for the improvement was let by the board of supervisors on April 25, 1923, to Jones and McMaster, who filed a bond in the office of the county auditor for the faithful performance of the contract, as by law required, with appellant as surety. On the same day, Jones and McMaster made written assignment of the contract to appellant for a consideration of $622. This assignment was never reported to, nor affirmatively approved by, the board of supervisors. The appellant claims that he sublet the contract to Hamiel & Russell, a copartnership. The contract for that purpose was in writing, and made the original contract between Jones and McMaster and the company a part thereof. The consideration for this contract was $7,000. Hamiel & Russell entered upon and partially completed the improvement. Becoming insolvent, they abandoned the work. Appellant then completed the contract. The indebtedness for which the several interveners filed claims with the county auditor was all incurred by Hamiel & Russell. These claims are as follows:

Manhattan Oil Co., for gasoline and axle grease $  89.18

F. H. Culp, for board and lodging, food supplies, telephone, and shovel loaned, and labor performed ...................... 233.00

Farmers Savings Bank of Ankeny, for money loaned ............................... 500.00

Lamberti Bros., for meat.................... 65.80

McLean Grocery Company, for groceries...... 153.66

D. F. Hallowell & Sons, for materials furnished and labor performed on drainage equipment ............................... 35.30

The original contract for the construction of the improvement provided as follows:

"That the said party of the first part hereby agrees to furnish at his own cost and expense all necessary labor and to con-

struct the improvements hereinafter designated, in a thorough, substantial and workmanlike manner, and in strict compliance with the requirements of this contract and of the specifications and plans hereinafter set out or referred to, or hereto attached. * * *"

The bond executed, which appellant signed as surety, contained the following provision:

"Now if the said J. Jones and R. F. McMaster shall well and truly perform the covenants and stipulations in said contract contained, and pay all damages which may be sustained to the said county of Polk, in the state of Iowa, and to pay any person or persons all damages resulting from the negligence of the said J. Jones and R. F. McMaster their agents or employees in the performance of said work, and well and truly pay all claims for labor and material furnished for said work, and save the county of Polk harmless from any and all claims for damages as aforesaid, and from any liens and claims for labor and material under the laws of the state of Iowa, then this bond to be void, otherwise to remain in full force and effect."

These provisions of the contract and the bond accord with Section 1989-a57 of the Code Supplement, 1913, which is as follows:

"Every mechanic, laborer, or other person who, as subcontractor, shall perform labor upon or furnish materials for the construction of any drainage ditch * * * shall have a claim against the funds provided * * *"

Interveners, however, do not rely wholly, if at all, upon the provisions of the above section. We will, however, first dispose of the case so far as the statute may be said to affect the same. The language thereof is clear, and little subject to misconstruction. The lien provided is for the benefit of every mechanic, laborer, or other person who, as subcontractor, performs labor upon or furnishes material for the construction of the drainage ditch. Manifestly, the grocer who sells groceries; the butcher who sells meat; the dealer who sells eggs or other provisions; the merchant who sells clothing to the contractor for his own or his employees' use; the banker who loans money to the contractor, do not come within the purview of the statute. They have neither performed labor upon, nor furnished material for, the construction of the improvement. Section 1, Chapter

347, Laws of the Thirty-eighth General Assembly, construed in *Standard Oil Co. v. Marvill,* 201 Iowa 614, relates to contracts for certain public works, not including drainage. Section 10299 of the Code of 1924 was enacted at the extra session of the fortieth general assembly, and was known as House File No. 254. Paragraph 4 of this section defines material "in addition to its ordinary meaning" as "feed, provisions, and fuel." This bill became a part of Chapter 452 of the Code of 1924, which was enacted and went into effect subsequent to the completion of the present improvement, and is not cited or relied upon by counsel. All of the pertinent and relevant provisions of Chapter 347, Laws of the Thirty-eighth General Assembly, Section 1989-a57 of the Supplement of 1913, and the other statutory provisions here referred to, were enacted and codified as parts of Chapter 452 of the Code of 1924. The statute quoted does not, in terms at least, include fuel necessary for use in operating the machinery or equipment used in the work. The reference to fuel and lubricating oil in *Empire St. Sur. Co. v. City of Des Moines,* 152 Iowa 531, was merely to note the conflict of authority on this point. The court in that case, however, held that machinery, tools, and equipment constituting the plant, and materials for additions to and repair thereof, were not included within the terms of the statute. The facts in the cited case are somewhat similar to those in the case before us. The improvement involved was a concrete bridge which the contractor erected over the Des Moines River. All of the gasoline and axle grease sold by the Standard Oil Company to Hamiel & Russell was used, if at all, upon the machinery and equipment, or for its operation. The contract bound the contractor to furnish all machinery, material, and labor and to complete the improvement at a specified price. Material furnished for the lubrication of, or as fuel for the operation of, the machinery and equipment used in the construction of a drainage improvement, it seems to us, quite clearly does not come within the provisions of the statute. What is here said applied equally to the claim of Hallowell & Sons, which is, as we understand it, made up of materials furnished for the repair of the machinery and equipment of the subcontractor, and for labor performed thereon. The manifest purpose of the statute is to protect workmen employed upon public improvements, or materialmen who furnish material therefor, and

was not intended to apply to those who have furnished food and clothing to the contractor or have loaned him money, or to one who may furnish repairs for the machinery or equipment with which the work is done,.or do labor thereon. *Empire St. Sur. Co. v. City of Des Moines,* supra, is directly applicable to this proposition.

Perhaps we should add that the evidence does not show that any definite portion of the merchandise sold to Hamiel & Russell by the Standard Oil Company was used by them in connection with the improvement in question. The intervener Culp claims $55 as due him for labor. Appellant concedes a valid claim in his favor for $30. We find nothing in the record in any way tending to show the items going to make up this claim, nor are we able to determine whether it is for labor performed upon the machinery and equipment of the contractor or upon the construction of the improvement. We conclude upon this branch of the case that the interveners, except Culp, did not have a lien on the balance due the contractor.

II. The principal claim of interveners, however, is that appellant took over the contract and completed the improvement as surety on the bond of Jones and McMaster, and for his own protection; that he is, therefore, liable to interveners for the contracts of Hamiel & Russell, who, they assert, were employed by him to do the work; and that all of the claims in question are chargeable to him as principal. We find nothing in the record tending directly to prove that Hamiel & Russell were the agents of appellant. On the contrary, it affirmatively appears that they were subcontractors, and that nothing they did was as his agent. The contract appellant had with Hamiel & Russell required them to furnish all of the labor and material and construct the drainage improvement in strict accordance with the original contract with the board of supervisors. The liability of appellant as surety was no greater than that of his principal on the bond. To entitle interveners to have their claims allowed out of the balance due the contractor, they must show that they are of the character and within the terms of Section 1989-a57 of the Code Supplement, 1913, or that appellant as principal is liable thereon. Clearly, the claims asserted by the interveners are not within the purview of the statute.

2. PRINCIPAL AND AGENT: agency: evidence: sufficiency.

The court also allowed the attorney for interveners a fee of $250. We assume that this allowance was made because of Section 1989-a58, Code Supplement, 1913, which provides that the court may, in an action commenced in equity for the adjudication of the amount and priority of the claims of subcontractors, allow a reasonable attorney fee against the party failing, in favor of the drainage district or the county. The attorney for the interveners did not represent the drainage district, and the fees must be disallowed.

3. ATTORNEY AND CLIENT: compensation: nonpermissible allowance by court.

The judgments in favor of interveners, except Culp, must be reversed, and the judgment in his favor reduced to $30, the amount which appellant concedes is due him. The costs will be taxed to interveners.

It is so ordered.—*Modified and affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.