Melvin BURGESS, Appellee,

v.

GREAT PLAINS BAG CORPORATION, and American Motorists Insurance Company, Appellants.

No. 86–882.

Supreme Court of Iowa.

July 22, 1987.

Terry L. Monson of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for appellants.

Dennis L. Hanssen of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In this workers' compensation case the industrial commissioner denied reinstatement of a case dismissed earlier because the claimant, Melvin Burgess (Burgess), neglected to file a prehearing status report. The district court reversed the commissioner's decision. The employer, Great Plains Bag Corporation, and the employer's insurer, American Motorists Insurance, appealed, asserting the commissioner correctly denied reinstatement because the statute of limitations had expired before the application to reinstate was filed.[1] We agree and reverse and remand to the district court for entry of a judgment upholding the commissioner's decision.

On March 24, 1982, Burgess filed a petition for arbitration with the Iowa Industrial Commissioner[2] for injuries allegedly occurring on September 4, 1981. On August 27, 1982, Burgess's attorney filed an application to withdraw because of Burgess's alleged failure to keep appointments and to answer written requests to respond by telephone or in person. *See* 500 Iowa Admin. Code 4.9(8). The application indicates a copy of it was sent by the attorney to Burgess by certified mail.

A deputy industrial commissioner granted the application on September 13, 1982, and ordered the attorney to file his withdrawal within ten days and to serve Burgess with notice of the withdrawal by certified mail, return receipt requested. The withdrawal was filed on September 22, 1982. As with the application for withdrawal, the withdrawal document indicates that a copy of it was also sent to Burgess by certified mail.

On October 19, the commissioner sent Burgess, by certified mail, return receipt requested, a form entitled "analysis of status/certificate of readiness for prehearing conference (status report)."[3] A form letter from the commissioner accompanied the status report. The letter admonishes the parties that failure to complete and return the report would trigger sanctions under 500 Iowa Administrative Code 4.36.[4] The same admonishment appears on the status report. The status report was returned to the commissioner's office as "unclaimed." The envelope containing the report bore the following handwritten notation: "notified 10/21/82 R.R.M."

The status report filed by opposing counsel on November 21, 1982, indicates a copy of it was sent to Burgess by ordinary mail. In it, counsel gives the following reasons why the case is not ready for prehearing conference:

Claimant's attorney has withdrawn. Claimant has failed to proceed pro se or obtain new counsel. Ask that order to show cause be entered and case dismissed without prejudice.

On November 22, 1982, a deputy industrial commissioner entered an order directing Burgess to show cause within twenty days why the case should not be dismissed pursuant to 500 Iowa Administrative Code 4.36 because of Burgess's neglect to file the

---

1. Unless otherwise stated, we refer to the employer and insurer collectively as the employer.

2. The agency is now known as the Division of Industrial Services. *See* 343 Iowa Admin. Code 1.1 (1986). In this opinion we refer to the Iowa Administrative Code as it existed prior to September 24, 1986, at which time the commission rules were moved from tab number 500 to tab number 343.

3. The status report seeks information from both sides as to discovery, settlement negotiations, anticipated length of hearing, number of expert witnesses, and whether the case is ready for prehearing conference.

4. This rule provides in pertinent part:

If any party to a contested case ... shall fail to comply with these rules or any order of a deputy commissioner ..., the deputy commissioner ... may dismiss the action. Such dismissal shall be without prejudice.

status report. On the same date, the commissioner sent a copy of the order to Burgess also by certified mail, return receipt requested. This order was also returned to the commissioner as "unclaimed." The envelope containing the order bore the following handwritten notation: "notified 11/23/82 R.R.M."

On December 17, 1982, the same deputy industrial commissioner who earlier entered the show cause order entered a second order dismissing the case pursuant to 500 Iowa Administrative Code 4.36. The order notes that Burgess failed to respond to the order to show cause.

As with the status report and order to show cause, the commissioner sent the dismissal order to Burgess by certified mail, return receipt requested. This last order was likewise returned "unclaimed." A similar handwritten notation appeared on the envelope containing the order: "notified 12/16/82."

On March 29, 1985, more than two years after the dismissal, Burgess filed an application to reinstate his case. The application alleges that Burgess did not know the significance of the documents sent to him by the commissioner because of his inability to read and write.[5] Characterizing this inability as an extenuating circumstance, Burgess asserts in the application that he should not be penalized because of it.

On April 29, 1985, a deputy industrial commissioner, other than the one who dismissed the case, denied the application to reinstate stating:

> The application by which claimant attempts to avoid the applicable statute of limitations is not authorized by rule or statute. In the instant case inventive motion practice cannot avoid the applicable statute of limitations.

On intra-agency appeal, *see* 500 Iowa Admin. Code 4.27, the commissioner affirmed the deputy commissioner's decision utilizing the following reasoning:

There is no legal justification to allow such a reinstatement and (if it were applicable—which it is not) no compelling equitable reason to reinstate claimant's case. Claimant failed to respond to certified mail in 1982 and indeed took no further action until some twenty-eight months later. By that time the statute of limitations on his claim had run. Claimant chose his course of inaction.

Thereafter, Burgess filed a petition for judicial review. *See* Iowa Code §§ 17A.19, 86.26 (1985). The district court reversed the commissioner's decision and reinstated the case on the grounds that the commissioner's refusal to reinstate the case was arbitrary. The district court cited the following circumstances as grounds for reinstatement: (1) Burgess's inability to read and write; (2) Burgess's lack of legal representation resulting from the commissioner's approval of withdrawal of counsel; and (3) the lack of return receipts showing that Burgess received the status report and order to show cause.

On appeal the employer asserts the application for reinstatement cannot be granted because the statutory period for filing a claim has run.

■ I. The district court determined that the commissioner's action in not reinstating the case was arbitrary. Iowa Code section 17A.19(8)(g) authorizes appropriate relief from agency action that is "[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion." *Teleconnect Co. v. Iowa State Commerce Comm'n*, 404 N.W.2d 158, 162 (Iowa 1987). The term "arbitrary" when applied to test the propriety of agency action means the action complained of was without regard to the law or consideration of the facts of the case. *Churchill Truck Lines, Inc. v. Transportation Regulation Bd.*, 274 N.W.2d 295, 299–300 (Iowa 1979).

When the district court exercises the power of judicial review conferred by

---

**5.** Notwithstanding the implication from this allegation that Burgess was claiming he received the documents but was not able to understand them, he apparently argued in the district court and argues on appeal that, in fact, he did not receive the status report and order to show cause.

section 17A.19(8), it functions in an appellate capacity to correct errors of law on the part of the agency. In our review of such action by the district court, we merely apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Teleconnect,* 404 N.W.2d at 161–62 (citations omitted).

■ II. Our determination whether the commissioner's action in not reinstating the case was arbitrary turns on an interpretation of the statute of limitations provision found in Iowa Code section 85.26 (1985).[6] There is no question Burgess commenced his action on time. The problem arises because the case was dismissed, and the subsequent application for reinstatement was filed more than two years after the action was originally commenced.

The employer argues the law provides that in the absence of a statutory exception nothing will toll a statutory period of limitations. Because Iowa Code chapter 85 provides no such exception, the dismissal without prejudice here did not toll the running of the two-year period of limitations in section 85.26. We agree.

" 'It has been uniformly held that once the statute of limitations begins to run nothing stops it. Not even death or disability will toll the statute unless it be otherwise provided by statute.' " *Overbeck v. Dillaber,* 165 N.W.2d 795, 796 (Iowa 1969) (quoting *In re Estate of Hoenig,* 230 Iowa 718, 726, 298 N.W. 887, 891 (1941)); *see also Jacobson v. Union Story Trust & Sav. Bank,* 338 N.W.2d 161, 163 (Iowa 1983). The rule has been applied specifically to dismissals without prejudice. Consequently, if a suit has been dismissed without prejudice and the statute of limitations runs before a new suit is commenced, the suit is barred. 51 Am.Jur.2d *Limitations of Actions* § 311, at 813 (1970).

In light of the foregoing authorities we conclude, contrary to the district court, the commissioner did not act arbitrarily in denying Burgess's application for reinstatement. Because Iowa Code chapter 85 provides no exception to toll the two-year period of limitations in section 85.26 when an action has been dismissed without prejudice, we hold the extenuating circumstances relied on by the district court afford no legal basis to toll the statute.[7] The application for reinstatement was filed more than two years from the date of the alleged injuries. Consequently, Burgess's application for reinstatement was untimely, thereby depriving the commissioner of any authority to reinstate the suit.

■ III. Because the result may seem harsh, at first blush, we address Burgess's claim of "extenuating circumstances." In doing so, we do not intend to imply there would be any set of circumstances that would toll the statute of limitations in the event a case is dismissed without prejudice except, perhaps, for some irregularity such as fraud by the other party.

---

6. Section 85.26 provides in pertinent part:

　1. An original proceeding for benefits under this chapter ... shall not be maintained in any contested case unless the proceeding is commenced within two years from the date of the occurrence of the injury for which benefits are claimed....

　....

　3. Notwithstanding chapter 17A, the filing with the industrial commissioner of the original notice or petition for an original proceeding ... for benefits under this chapter ... is the only act constituting "commencement" for purposes of this section.

7. We note the commissioner and district court ruled on the basis of the bare application for reinstatement even though Burgess had the burden to prove an exception to the statute of limitations. *See Sparks v. Metalcraft, Inc.,* 408 N.W.2d 347, 352 (Iowa 1987). The application was not verified, *see* Iowa Rule of Civil Procedure 80(c) (formerly rule 80(b)); no affidavits were filed; and the record fails to show that any hearing was held on the application. Hence there was no sufficient showing to substantiate Burgess's claim that he could not read or write or that he did not know of the dismissal in time to file a timely application for reinstatement, an additional ground to uphold the commissioner's decision. *Cf. O'Brien v. Mullapudi,* 405 N.W.2d 815, 819 (Iowa 1987) (no sufficient showing to support assertion that counsel's failure to seek a rule 215.1 continuance was a result of mistake, oversight or other reasonable cause where application to reinstate was not verified, no affidavits were filed, and counsel did not testify at the hearing on the application).

Notwithstanding his claim of inability to read and write, Burgess is not without fault. His refusal to cooperate and communicate with his counsel led to his loss of legal representation. The attorney withdrawal document indicates that Burgess's counsel sent him a copy of it by certified mail. Burgess makes no claim that he did not receive the document. Nor does he claim he did not receive opposing counsel's status report requesting dismissal sent to Burgess by ordinary mail. A reasonable person in Burgess's position would have had someone read both documents to him. Had he done so, Burgess could have taken appropriate steps to prevent dismissal of his case.

Moreover, Burgess is responsible for his failure to receive the certified mailings containing the show cause and dismissal orders. Envelopes containing both documents bore the notations "unclaimed" and "notified." We may reasonably assume from these notations that the postal authorities notified Burgess, and he simply neglected to pick up the documents. Had he done so and sought assistance in reading the documents, he again could have taken steps to prevent dismissal or, at the very least, have his case reinstated before the statute ran.

Finally, we cannot condone Burgess's inaction for some twenty-seven months after the dismissal. Approximately nine months of the two-year period of limitations remained when the case was dismissed. We may assume, absent evidence to the contrary, that Burgess neglected to contact his attorney at any time prior to the expiration of the statute of limitations. Had he done so, he would have learned of the dismissal, and immediate and timely steps could have been taken to reinstate the case.

Particularly apropos to the facts in this case is the general rule that a party to a suit is charged with notice of all orders and judgments that are rendered in the suit. *Committee on Professional Ethics & Conduct v. Toomey*, 253 N.W.2d 573, 574 (Iowa 1977) (attorney who was previously suspended from the practice of law had constructive knowledge of the terms of pub-

lished supreme court order he knew existed but elected not to read); *McAllister v. Erickson*, 45 Idaho 211, 215, 261 P. 242, 243 (1927) (case dismissed without notice to party or counsel for want of prosecution) ("Suitors are bound to take notice of the steps and proceedings had in their causes, and they are required to and should be in court attending to their business in person or through their counsel."); *Pentikis v. Texas Elec. Serv. Co.*, 470 S.W.2d 387, 390–91 (Tex.Civ.App.1971) (parties and their counsel charged with knowledge of dismissal although no notice given to them of impending dismissal for lack of prosecution—notice posted for sixty days in clerk's office); 66 C.J.S. *Notice* § 12, at 648 (1950). Notwithstanding the district court's implied finding that Burgess did not receive the status report and order to show cause, Burgess had constructive knowledge of both documents.

IV. The commissioner was on sound legal grounds when he denied Burgess's application for reinstatement. Accordingly, he did not act arbitrarily. We reverse the district court's decision to the contrary and remand for entry of a judgment upholding the commissioner's decision.

REVERSED AND REMANDED WITH DIRECTIONS.