George SAWYER, Appellant,

v.

NATIONAL TRANSPORTATION
CO., Appellee.

No. 89–45.

Supreme Court of Iowa.

Nov. 22, 1989.

Channing L. Dutton of Lawyer, Lawyer, Dutton & Drake, West Des Moines, for appellant.

R. Jeffrey Lewis and S.P. DeVolder of Gamble, Riepe, Webster, Davis & Green, Des Moines, for appellee.

Considered by SCHULTZ, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

In this appeal we must determine the applicability of a statute of limitations defense to a claim for Iowa benefits made over two years after an accident, by an employee entitled to both Nebraska and Iowa benefits, but who received only Nebraska benefits. The Iowa industrial commissioner held that the claim was barred by the statute of limitations set forth in Iowa Code section 85.26(1) (1981). The district court affirmed on judicial review. We also affirm.

Plaintiff George Sawyer, a Nebraska resident, was injured in an accident in Iowa on January 14, 1981, while driving a truck for his employer, National Transportation Company (National). National was insured by a workers' compensation carrier with an office in Nebraska. The insurer paid plaintiff's medical and hospital expenses and commenced payments for temporary total disability on January 15, 1981, pursuant to Nebraska law. He received a total of sixty-nine weeks of initial benefits and an additional fifty-six weeks of benefits while engaged in a vocational rehabilitation program. Subsequently, plaintiff, his employer and its insurer entered into a lump-sum agreement which was approved by the Douglas County District Court of Nebraska on August 6, 1984. Plaintiff was represented by counsel throughout these proceedings, which were never reported to the Iowa industrial commissioner.

On March 4, 1985, plaintiff filed a petition before the Iowa industrial commissioner seeking benefits for the same injury. National and its insurer filed a motion for summary judgment, claiming a defense based on the statute of limitations. The deputy denied the motion, and following an evidentiary hearing, awarded additional benefits to plaintiff pursuant to Iowa law.

On intra-agency appeal the commissioner reversed the deputy's ruling, holding that the statute of limitations barred plaintiff's claim for benefits under Iowa law. This decision was affirmed by the district court in a ruling on judicial review.

Our review of this case is limited. Defendant concedes that the acceptance of benefits in another state does not preclude an award of benefits under Iowa law as long as the award is reduced by the amount of benefits received in the other state. *See George H. Wentz, Inc. v. Sabasta*, 337 N.W.2d 495, 498–99 (Iowa 1983). Defendant does not concede that plaintiff would be entitled to greater benefits in Iowa; defendant also relies upon a release given by plaintiff. The district court ruling did not address these matters and was limited to the applicability of the statute of limitations defense. Consequently, we only examine this issue.

I. *Scope of review.* The district court reviews decisions of the industrial commissioner pursuant to Iowa Code chapter 17A. Iowa Code § 86.26 (1981). The court must reverse, modify or grant other appropriate relief from agency action when it is affected by an error of law. Iowa Code § 17A.19(8)(e) (1981). The district court reviews the commissioner's decision in its appellate capacity to correct errors of law. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429 (Iowa 1979). We have a duty to correct the district court's errors of law. *Id.*

II. *Statute of limitations.* Iowa Code section 85.26 (1981) provides a statute of limitations for workers' compensation claims. Subsection (1) provides that "no original proceedings for benefits under this chapter ... shall be maintained in any contested case unless such proceedings shall be commenced within two years from the date of the occurrence of the injury for which benefits are claimed...." Subsection (2) provides for a reopening of the proceedings by either party within three years from the date of the last payment of weekly benefits. The commissioner concluded that plaintiff's claim was barred under section 85.26(1), because he did not file

his original notice and petition in Iowa until March 11, 1985, more than four years after the accident had occurred.

Plaintiff maintains that Iowa Code section 86.13 (1981) is relevant since it provides:

Any failure on the part of the employer or insurance carrier to file such memorandum of agreement with the industrial commissioner within thirty days after the payment of weekly compensation has begun shall stop the running of section 85.26 as of the date of the first such payment.

Plaintiff points out that a memorandum of agreement was not filed with the commissioner. The commissioner, however, concluded that the memorandum required in section 86.13 need only be filed when there is an award of benefits under Iowa law.

Plaintiff claims that the commissioner erred by concluding that the payment of Iowa benefits was necessary to toll the statute of limitations as provided in section 86.13. He urges that the commissioner's addition of the word "Iowa" to describe the benefits in the code sections serves to make the statutes, especially section 86.13, have a different meaning than that intended by the legislature. We disagree and believe that the commissioner's conclusion is correct for several reasons.

In 1981 section 86.13 generally required the employer or insurance carrier to file a memorandum with the industrial commissioner when the employer and employee reached an agreement in regard to compensation. The commissioner then approved or disapproved the agreement. Section 86.13 specifically provided that "[s]uch agreement shall be approved by said commissioner only when the terms conform to the provision of this [chapter 86] and chapter 85." Chapters 85 and 86 of the 1981 Iowa Code, on their face, apply only to Iowa workers' compensation and the Iowa industrial commissioner.

Furthermore, section 85.26(2) refers not only to workers' compensation but to "occupational disease law [chapter 85A] or the Iowa occupational hearing loss Act [chapter 85B]" as well. If we followed plain-

tiff's line of reasoning, the statute would refer to any state's workers' compensation benefits but only to Iowa's occupational disease or hearing loss benefits. This would produce an internally inconsistent result.

Finally we agree with the commissioner's assessment of the practical ramifications of defendant's argument. He stated:

> If [plaintiff's] arguments were accepted it would result in an unlimited period of time to commence an action in Iowa when a claimant has been paid compensation in another state pursuant to a decision or settlement. That situation would be an absurd result and contrary to orderly resolution of workers' compensation claims.

We therefore agree that the tolling provision of section 86.13 is not applicable to plaintiff's claim against defendant.

III. *Equal Protection.* Plaintiff also claims that the decisions of the commissioner and the district court denied him equal protection under the United States and the Iowa Constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, §§ 1, 6. He asserts that claimants who are similarly situated (injured in Iowa and have valid Iowa compensation claims), but reside in different states, are treated differently. This is not true. An Iowa resident who fails to file an original proceeding in Iowa within two years from the date of the occurrence of his or her injury would be barred, as is the plaintiff, from seeking compensation in Iowa. The district court was correct in holding that no classification exists which denied plaintiff equal protection.

IV. *Summary.* We hold that defendant's defense of the statute of limitations should be upheld when plaintiff has not filed his original proceeding in Iowa within two years. We further hold that such a determination does not deny plaintiff equal protection.

AFFIRMED.