**FARMERS COOPERATIVE
COMPANY, Appellee,**

v.

**A.J. DeCOSTER, Appellant.**

No. 94–197.

Supreme Court of Iowa.

March 29, 1995.

William B. Serangeli, Michael P. Mallaney, and Michael E. Marshall, until Marshall's withdrawal, of Smith, Schneider, Stiles, Wimer, Hudson, Serangeli, Robinson, Mallaney, Shindler & Scalise, P.C., Des Moines, for appellant.

Larry E. Ivers, Eagle Grove, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

■ We have granted defendant's application for interlocutory appeal to decide whether gasoline, diesel fuel and petroleum are products within the "ordinary meaning" of the term "material" for which a mechanic's lien may be filed under Iowa Code sections 572.1(2) and 572.2 (1993). The district court concluded these products, for which plaintiff filed a mechanic's lien against defendant, were materials within the meaning of the statute and denied defendant's motion for summary judgment. We reverse the district court ruling and remand for an order dismissing the case.

Plaintiff, Farmers Cooperative Company (Farmers Co-op), supplied gasoline, diesel fuel, and petroleum to an excavator who used some of these products while working for the defendant, A.J. DeCoster, on the DeCoster property. The excavator failed to pay an amount owed to Farmers Co-op who then filed a mechanic's lien and subsequent foreclosure action against the DeCoster property.

DeCoster filed a motion for summary judgment claiming the products provided by Farmers Co-op to the excavator did not come within the meaning of "material" for which a mechanic's lien could be filed under chapter 572. The district court concluded the products were encompassed by the "ordinary meaning" of the term "material" under section 572.1(2) and denied summary judgment. On interlocutory appeal DeCoster argues the meaning of "material" can be ascertained by comparing section 572.1(2) with a companion statute, Iowa Code section 573.1(2) (Labor and Material on Public Improvements). Section 572.1(2) provides:

> "Material" shall in addition to its ordinary meaning embrace and include machinery, fixtures, trees, evergreens, vines, plants, shrubs, tubers, bulbs, hedges, bushes, sod, soil, dirt, mulch, peat, fertilizer, fence wire, fence material, fence posts, tile, and the use of forms, accessories, and equipment.

Section 573.1(2) has a similar provision:

> "Material" shall, in addition to its ordinary meaning, embrace feed, *gasoline, kerosene, lubricating oils and greases, provisions and fuel,* and the use of forms, accessories, and equipment, but shall not include personal expenses or personal purchases of employees for their individual use.

(Emphasis added.) DeCoster contends that gasoline, diesel fuel and petroleum were not intended to come within the ordinary meaning of material in section 572.1(2) because the legislature listed these items as being "in addition to" the ordinary meaning of material in section 573.1(2).

■ Our scope of review is on error. *Farm & City Ins. Co. v. Anderson,* 509 N.W.2d 487, 489 (Iowa 1993). If a statute is ambiguous, principles of statutory construction should be applied. *See American Asbestos v. Eastern Iowa Community College,* 463 N.W.2d 56, 58 (Iowa 1990). In interpreting statutes the ultimate goal is to ascertain and give effect to the intention of the legislature. *Id.* In discovering such intent we consider the language used, the purpose to be served and the evil sought to be remedied. *Jahnke v. Incorporated City of Des Moines,* 191 N.W.2d 780, 787 (Iowa 1971).

Sections 572.1(2) and 573.1(2) use similar language and cover the same subject matter. Both chapters 572 and 573 secure or protect the persons performing work or providing materials toward the improvement of property belonging to another. *See Sinclair Refining Co. v. Burch,* 235 Iowa 594, 599, 16 N.W.2d 359, 362 (1944); 53 Am.Jur.2d *Me-*

chanic's Liens § 6 (1970). However, they also provide some protection to either the owner of private property or governmental entities for public improvements. *See id.* at § 19; *see generally* Iowa Code ch. 573 (1993).

When statutes relate to the same subject matter or to closely allied subjects they are said to be in pari materia and must be construed, considered and examined in light of their common purpose and intent so as to produce a harmonious system or body of legislation. *Rush v. Sioux City,* 240 N.W.2d 431, 445 (Iowa 1976). The pari materia rule applies with peculiar force to statutes passed at the same session of the legislature. *Iowa Farm Serum Co. v. Board of Pharmacy Examiners,* 240 Iowa 734, 740, 35 N.W.2d 848, 851 (1949). The definitions of material contained in the mechanic's lien and public improvement statutes were both passed at the extra session of the fortieth General Assembly. *See* 1924 Iowa Acts (unpublished) ch. 161 § 1(4) and ch. 141 § 10(4). Prior to this, neither chapter had a definition section for "material." *See* Iowa Code §§ 6507, 6508, 6532 (1919). After the amendments by the fortieth General Assembly, the following definitions were found in the 1924 Iowa Code:

Section 10270(4) (mechanic's lien): "Material" shall be construed as if followed by the words "machinery or fixtures".

Section 10299(4) (public improvements): "Material" shall, in addition to its ordinary meaning, embrace feed, provisions and fuel.

It is significant the legislature listed fuel as additional to the ordinary meaning of material in section 10299(4) while limiting the meaning of material to machinery and fixtures in section 10270(4). This indicates the legislature's intent was not to include fuel in the ordinary meaning of material.

In particular, it is assumed the legislature's use of terms was in the accepted judicially established context unless there is clear evidence to the contrary. *Jahnke,* 191 N.W.2d at 787. Prior to 1924, the established judicial interpretation of the ordinary meaning of material did not include oil. *See Aetna Casualty & Surety Co. v. Kimball,* 206 Iowa 1251, 1256, 222 N.W. 31, 33 (1928). At that time the provisions of the public improvement statute were referred to as a remedy akin to the mechanic's lien law. *Aetna,* 206 Iowa at 1254, 222 N.W. at 32. In this context, *Teget v. Polk County Drainage Ditch,* 202 Iowa 747, 751, 210 N.W. 954, 956 (1926), held:

Material furnished for the lubrication of, or as fuel for the operation of, the machinery and equipment used in the construction ... does not come within the provisions of the [public improvement] statute.

Thus, the court in *Aetna* stated, "if appellant is to be allowed protection for its lubricating oils, greases, kerosene, and barrels, it must be under and by virtue of the added words 'feed, provisions, and fuel.'" *Aetna,* 206 Iowa at 1256, 222 N.W. at 33.

The legislature expanded the list of additions to the ordinary meaning of material under the public improvement statute in 1929 to include "gasoline, kerosene, lubricating oils and greases." *See* 1929 Iowa Acts ch. 244, §§ 1, 2. When a legislature enacts a provision, it has available all the other provisions relating to the same subject matter whether in the same statute or in a separate act. 2B Sutherland *Statutory Construction* § 51.01 (5th ed. 1992). Thus, it is reasonable to presume the definition of material in the mechanic's lien statute was noted by the legislature in 1929. Moreover, we presume a legislature does not deliberately enact inconsistent provisions when it is cognizant of them both, without expressly recognizing the inconsistency. *Id.* Also, we do not presume the legislature intended words in a statute be given a redundant meaning. *State v. Sullins,* 509 N.W.2d 483, 485 (Iowa 1993). Therefore, the implication in 1929, and indeed in 1924, was that items specified as "in addition to" the ordinary meaning of material in the public improvement statute were also not intended to be encompassed by the ordinary meaning of material in the mechanic's lien statute.

The need for uniformity becomes more imperative where the same word or term is used in different statutory sections that are similar in purpose and content. 2B Sutherland *Statutory Construction* § 51.02.

Identical statutory language in different statutes should be given much the same meaning. *City of Burlington v. Turner,* 336 F.Supp. 594, 603 (S.D.Iowa 1972). Furthermore, where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute is significant to show a different intention existed. *Richerson v. Jones,* 551 F.2d 918, 928 (3d Cir.1977). If the ordinary meaning of material in section 573.1(2) does not include gasoline, diesel fuel and petroleum, the ordinary meaning of material in section 572.1(2) should be construed to also not include those items. To hold otherwise would be to impermissibly add words to the mechanic's lien statute. *Cf. Water Quality Ass'n v. United States,* 795 F.2d 1303, 1309 (7th Cir.1986).

We conclude gasoline, diesel fuel and petroleum are not included within the "ordinary meaning" of "material" under section 572.1(2). Therefore, these items are not lienable. Our interpretation is consistent with the general approach that, in the absence of an express provision, no lien may attach for coal or other fuel consumed by machines used in construction. 53 Am.Jur.2d *Mechanic's Liens* § 97. DeCoster's motion for summary judgment should have been granted. We reverse the district court judgment and remand for an order dismissing the case.

**REVERSED AND REMANDED.**