Gary DARROW, Appellant,

v.

QUAKER OATS COMPANY, Appellee.

No. 96–1509.

Supreme Court of Iowa.

Nov. 26, 1997.

**650**

Thomas J. Currie of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

James M. Peters and Webb L. Wassmer of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

The narrow question on appeal is whether a worker's involuntary mental commitment tolls the two-year statute of limitation for filing a workers' compensation claim under Iowa Code section 85.26(1) (1995). Like the district court—and the industrial commissioner before it—we conclude the worker cannot rely on a mental impairment to avoid the statutory time bar. We therefore affirm the district court's summary judgment for the employer.

The facts are undisputed. Petitioner Gary Darrow alleges he suffered psychological injury resulting from stress related to his job as an insulator/asbestos worker for respondent, Quaker Oats Company. He reported injury dates of July 10, 1990, and June 15, 1991. The company investigated both claims and denied benefits based on its conclusion that Darrow's mental illness, if any, was not work related. Subsequently, Darrow was involuntarily hospitalized for treatment of serious mental impairment. *See* Iowa Code § 229.13. His commitment extended from June 28, 1991, to June 1, 1994.

Darrow did not commence contested proceedings against his employer until November 15, 1994. Quaker Oats resisted the actions on the ground they were time barred. It relied on Iowa Code section 85.26(1), which requires that a proceeding for benefits must be "commenced within two years from the date of the occurrence of the injury for which benefits are claimed."

Quaker Oats moved for summary judgment. Darrow responded by arguing that the statute of limitations should be tolled due to the circumstances of his involuntary commitment. The industrial commissioner re-

jected Darrow's argument and granted summary judgment for Quaker Oats, a decision affirmed by the district court on judicial review. This appeal by Darrow followed.

Darrow theorizes on appeal that equity compels the industrial commissioner and court to read into section 85.26(1) a tolling provision for workers suffering a serious mental impairment. He asserts, first, that the court erred in applying a narrower interpretation of section 85.26(1). Second, he claims the statute—as so interpreted—violates constitutional norms safeguarding rights to equal protection and due process.

■ Our review is for the correction of errors at law. *Noble v. Lamoni Prods.*, 512 N.W.2d 290, 292 (Iowa 1994). We give deference to the agency's interpretation of statutes, but are not bound thereby. *Id.*

**I. *Statutory Interpretation.***

■ At the outset, Darrow concedes that his three-year mental commitment does not automatically establish that he was operating under a legal disability at the time his claim accrued. *See* Iowa Code § 229.27(1); *cf. Langner v. Simpson*, 533 N.W.2d 511, 523 (Iowa 1995) (proof of mental impairment insufficient to establish legal disability for tolling purposes under section 614.8). Yet for purposes of these proceedings, the industrial commissioner and district court assumed that Darrow's serious mental impairment rendered him personally unable to commence litigation by the two-year deadline of section 85.26(1). The question is whether Darrow's presumptive disability excuses compliance with the statutory time bar. Darrow argues the beneficent purposes of the Workers' Compensation Act would not be served by a strict interpretation of section 85.26(1). The employer counters that the statute's plain language prevents the expansive reading Darrow seeks. The employer has the sounder argument.

■ When the language of a statute is clear, we are obliged to enforce it as written.

*Firstar Bank v. Hawkeye Paving Corp.*, 558 N.W.2d 423, 426 (Iowa 1997). Concerning the time frame at issue here, neither the words nor the meaning of section 85.26(1) could be plainer:

> An original proceeding for benefits ... shall not be maintained in any contested case unless the proceeding is commenced within two years from the date of the occurrence of the injury for which benefits are claimed.

Notably absent from the statute, or chapter 85, is any exception to the statute's temporal requirement. *Burgess v. Great Plains Bag Corp.*, 409 N.W.2d 676, 679 (Iowa 1987). We have repeatedly held that other extenuating circumstances afford no basis for tolling the statute. *See id.* at 680 (illiteracy of worker); *Overbeck v. Dillaber*, 165 N.W.2d 795, 796 (Iowa 1969) ("not even death or disability" tolls statute in absence of statutory exception); *In re Estate of Hoenig*, 230 Iowa 718, 726, 298 N.W. 887, 891 (1941) (same).

Darrow argues alternatively that chapter 85 should not be read in isolation and, in the absence of limiting language, should be read to incorporate the general tolling provision of section 614.8.[1] As correctly noted by the district court, however, we have held that "the tolling provisions of section 614.8 do not apply to statutes of limitation outside of chapter 614." *Harden v. State*, 434 N.W.2d 881, 884 (Iowa 1989). We observed in *Harden* that the legislature's inclusion of specific tolling provisions elsewhere in the Code demonstrates its willingness to accommodate exceptions "when it intends to do so." *Id.* Neither section 85.26(1) nor chapter 85, in general, manifests such an intent. The assignment of error is without merit.

**II. *Constitutional Challenges.***

■ A. Darrow argues that by enacting section 85.26(1) the legislature has unlawfully discriminated between citizens injured on the job and citizens injured in other ways, in violation of equal protection principles. *See* U.S. Const. amend. XIV; Iowa Const.

---

1. The section states:

The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and mentally ill persons, so that they shall have one year from and after the termination of such disability within which to commence said action.
Iowa Code § 614.8.

art. I, § 6. In rejecting this claim, the district court recognized that Darrow misperceives the nature of the constitutionally protected right he asserts. No equal protection violation occurs "if the challenged law operates equally upon those persons or classes of persons intended to be affected by [the legislation]." *Lockray v. State*, 495 N.W.2d 754, 756 (Iowa 1993); *see Thomas v. United Fire & Cas. Co.*, 426 N.W.2d 396, 398 (Iowa 1988). Workers' compensation legislation is designed to benefit workers and their dependents "insofar as statutory requirements permit." *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 188 (Iowa 1980). Thus, equal protection comparisons must be confined to those persons classified as entitled to seek benefits under the statutory scheme. *See Rosen v. Board of Med. Exam'rs*, 539 N.W.2d 345, 352 (Iowa 1995) (equal protection claim requires proof that *similarly situated* persons treated differently). Section 85.26(1) operates equally on all workers' compensation claimants. *See Sawyer v. National Transp. Co.*, 448 N.W.2d 306, 308 (Iowa 1989) (comparing treatment of resident and nonresident claimants). Moreover, because the Workers' Compensation Act is purely a creature of statute, it is the legislature's prerogative to fix the conditions under which the act's benefits may be obtained. *Downs v. A & H Constr., Ltd.*, 481 N.W.2d 520, 527 (Iowa 1992). Any decision to amend the statute to treat mentally impaired workers differently from all other workers rests with the legislature, not the courts. *See id.*

██ **B.** Darrow's due process challenge is similarly unavailing. He claims that his interest in workers' compensation benefits "is a property right which cannot be taken away without due process of law." He relies on *Auxier v. Woodward State Hospital–School*, 266 N.W.2d 139, 142 (Iowa 1978), for this proposition. Darrow's reliance on *Auxier*, however, is misplaced. There we held that benefits cannot be arbitrarily *terminated* without notice and opportunity to contest the termination. *Auxier*, 266 N.W.2d at 142. Because no entitlement to benefits has been established here, Darrow is in no position to assert deprivation of a property interest.

██ Darrow also asserts deprivation of a meaningful opportunity to be heard on his claim. A potential litigant's right to be heard is, of course, a fundamental component of due process. *Boddie v. Connecticut*, 401 U.S. 371, 377, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 118 (1971); *In re Marriage of Seyler*, 559 N.W.2d 7, 9 (Iowa 1997). Even Darrow's argument makes plain, however, that the true source of his deprivation was his hospitalization, not section 85.26(1). The State, by enacting section 85.26, imposed no procedural impediment on Darrow. The statute of limitation reasonably confines claims to a fixed, but adequate, duration. *See Bishop v. Eastern Allamakee Community Sch. Dist.*, 346 N.W.2d 500, 506–07 (Iowa 1984) (recognizing state's right to enact reasonable procedural requirements for commencement of litigation). No procedural deprivation of constitutional magnitude has been shown.

**AFFIRMED.**