Charles L. BROWN, Sr., Appellant,

v.

STAR SEEDS, INC. and EMC
Insurance Companies,
Appellees.

No. 98–1648.

Supreme Court of Iowa.

July 6, 2000.

Charles T. Patterson and Sara J. Kuehl
of Heidman, Redmond, Fredregill, Patter-
son, Plaza & Dykstra, Sioux City, for ap-
pellant.

Michael L. Mock and D. Brian Scieszin-
ski of Bradshaw, Fowler, Proctor & Fair-
grave, P.C., Des Moines, for appellees.

NEUMAN, Justice.

The question is whether the phrase "all occupations" in Iowa Code section 85.36(9) (1993) means "all occupations" when it comes to calculating the wage base for a seasonal employee who is permanently partially disabled as the result of a work-related injury. We conclude that the words of the statute mean what they say. We therefore reverse a contrary conclusion reached by the industrial commissioner and affirmed by the district court.

The facts are largely undisputed. On September 14, 1993, claimant/appellant Charles L. Brown, Sr., sustained severe and permanent injuries when his right hand became entangled in the stalk ejector rolls of the seed corn husker he was operating for appellee, Star Seeds, Inc. Brown's work for Star Seeds was strictly seasonal. It is customary for hybrid seed corn to be harvested during an intense two-week period in September while the stalks are still green and wet, before the first frost. Fifteen-hour work days are the norm. In the three days preceding his injury, Brown had worked a total of forty-one hours. He was paid at the rate of ten dollars per hour.

Brown's principal occupation was farming. Prior to his injury, Brown farmed 1500 acres on a crop-share basis and raised livestock near Onawa, Iowa. He was a contract grower for Star Seeds, Inc. By all accounts, he was industrious, hard-working, and highly respected in the farming community. It was precisely because of these qualities that Star Seeds hired him seasonally to operate one of their three Uni–System corn harvesters for roughly two weeks.

As a result of the accident, Brown's right hand and part of his right forearm were surgically amputated. He has suffered both temporary and permanent disability. Brown was fifty-one years old at the time of the accident. The parties stipulated a sixty-percent loss of earning capacity, calculated as an industrial disability to the body as a whole.

The controversy before us centers on the average weekly earnings attributable to Brown for purposes of calculating his workers' compensation benefits. The statute in effect at the time of Brown's injury, Iowa Code section 85.36(9), governs the calculation. It states:

> In occupations which are exclusively seasonal and therefore cannot be carried on throughout the year, the weekly earnings shall be taken to be one-fiftieth of the total earnings which the employee has earned from all occupations during the twelve calendar months immediately preceding the injury.

Iowa Code § 85.36(9).[1] Based on this statutory formula, Star Seeds used Brown's earnings as a farmer, plus his seasonal wages, to arrive at a weekly benefit of $534.46. It paid temporary total disability benefits at this rate, as well as permanent partial disability benefits, until issuance of the deputy industrial commissioner's ruling.

The deputy reduced Brown's weekly benefit dramatically. His ruling, affirmed on appeal to the industrial commissioner, rested exclusively on an intervening decision by the Iowa Court of Appeals, *Hartman v. Clarke County Homemakers*, 520 N.W.2d 323 (Iowa App.1994). *Hartman* involved a companion statute, section 85.36(10), that governs the calculation of weekly benefits for part-time employees. The statute states:

> If an employee earns either no wages or less than the usual weekly earnings of the regular full-time adult laborer in the line of industry in which the employee is injured in that locality, the weekly earnings shall be one-fiftieth of the total earnings which the employee has earned from all employment during the twelve

---

1. Subsection (9) has subsequently been repealed. *See* 1995 Iowa Acts ch. 140, § 1.

Unless otherwise indicated, all statutory references in this opinion are to the 1993 Code.

calendar months immediately preceding the injury.

Iowa Code § 85.36(10). Based on references in the statute to employer-employee relationships, the *Hartman* court determined that wages earned by the claimant as an independent contractor must be excluded from the weekly benefits calculation. *Id.* at 327–28.

The deputy industrial commissioner concluded that the rationale underlying the *Hartman* decision applied with equal force to Brown's situation. The record revealed that Brown's earnings in the preceding twelve months, excluding his earnings as a self-employed farmer, totaled $1509. Applying section 85.36(9)'s formula to this sum, the deputy felt compelled to enter what he described as "a patently inadequate compensation rate" of $27.70 per week. From a final decision by the industrial commissioner upholding the award, affirmed on judicial review by the district court, Brown now appeals.

## I. Scope of Review.

Our review is at law, not de novo. *See Iowa Erosion Control, Inc. v. Sanchez,* 599 N.W.2d 711, 713 (Iowa 1999). Where, as here, the dispute centers on a difference of opinion over the interpretation of controlling workers' compensation statutes, "we defer to the expertise of the agency but reserve for this court the final interpretation and construction of pertinent statutes." *Id.* (quoting *Second Injury Fund v. Braden,* 459 N.W.2d 467, 468 (Iowa 1990)).

## II. Issue on Appeal.

Brown argues on appeal, as he did in district court, that the reference in section 85.36(9) to earnings from "all occupations" distinguishes the benefit calculation for seasonal employees from the one called for in section 85.36(10) and applied in *Hartman.* Star Seeds counters that this is a distinction without a difference. It stresses that the *Hartman* court relied not only on the "all employment" language

of section 85.36(10) but on "predicate" language in section 85.36 which defines weekly earnings in terms of earnings from an *employer,* thereby excluding earnings as an independent contractor. *Hartman,* 520 N.W.2d at 328. Because the predicate language applies to all subsections, Star Seeds argues, "all occupations" in section 85.36(9) necessarily embraces only earnings from employer-employee relationships.

Several fundamental principles guide our assessment of the parties' competing arguments. When the words of a statute are clear, we are obliged to enforce them as written. *Darrow v. Quaker Oats Co.,* 570 N.W.2d 649, 651 (Iowa 1997). Only in case of ambiguity do we resort to well-established rules of statutory construction. *City of West Branch v. Miller,* 546 N.W.2d 598, 602 (Iowa 1996). Assuming for the sake of argument that it is unclear whether total earnings from "all occupations" includes self-employment earnings, two rules of construction are arguably pertinent here. First, statutory words must be given their ordinary meaning unless a contrary intent is apparent or doing so would lead to injustice, absurdity or contradiction between statutes. *Lauhoff Grain Co. v. McIntosh,* 395 N.W.2d 834, 839 (Iowa 1986). Second, although identical statutory terms should be applied consistently within a statutory scheme, omission of the same term in a similar statute signifies a different legislative intent. *Farmers Coop. Co. v. DeCoster,* 528 N.W.2d 536, 539 (Iowa 1995).

The *Hartman* court recognized these maxims, paying particular attention to the repeated use of the words *employee* and *employment* in section 85.36(10) as signaling a legislative intent to exclude from the calculation any earnings gained through self-employment. *See Hartman,* 520 N.W.2d at 328 ("Self-employed workers are not employees of themselves and cannot be both employers and employees."). The statute we are examining, however, is

significantly different. The benefit calculation under section 85.36(9) is not couched in terms of wages or employment. Instead the legislature chose the distinctly broader concept of "total earnings ... from all occupations." And although the introductory language of section 85.36 emphasized in *Hartman* grounds the basis of compensation in terms of weekly earnings from employment, we ascribe less significance to those words than the *Hartman* court did. We believe the predicate language merely reinforces the general rule that there can be no claim for workers' compensation benefits unless the claimant was engaged in covered employment at the time of injury. But the basis of compensation—including the "weekly earnings" phrase that Star Seeds seeks to apply consistently—is in fact *redefined* in each subpart of section 85.36. Significantly, subsection (9), governing "occupations which are exclusively seasonal," imposes no employment-based limitation.

We believe our application of the plain language of section 85.36(9) comports with the primary purpose of workers' compensation—"to benefit workers and their dependents insofar as the statute permits." *Lauhoff Grain*, 395 N.W.2d at 839. Including non-covered concurrent employment in the benefit calculation for an injured worker is compatible with this purpose. *Hartman*, 520 N.W.2d at 328. The goal is to accurately estimate a claimant's earning capacity and provide a level of compensation bearing a proper relationship to it. *Id.* (citing Arthur Larson, *Workmen's Compensation Law* § 60.32 (1993)). Given the goal of replacing what an injured employee would have earned but for the injury, it would be unjust and inconsistent to view in isolation a disability suffered in the course of covered employment. A seasonal employee who is permanently partially disabled, not only from seasonal employment but from concurrent full-time employment, will not be fully compensated unless the earnings from "all occupations" is considered.

As an alternative reason to uphold the commissioner's and district court's ruling, Star Seeds points out that Brown paid no workers' compensation insurance premiums to cover the loss sustained to his earning capacity as a self-employed farmer. It therefore argues he has no basis for complaint if those earnings are excluded from the section 85.36(9) calculation. What the argument fails to recognize is that Brown was injured, not while self-employed, but while engaged in covered, seasonal employment. That injury has reduced his earning capacity by sixty percent, even though his seasonal employment represented only a fraction of his earnings. It would be exceedingly unfair to the worker to read into section 85.36(9) a concurrent employment exception that does not exist. One noted commentator puts the insurance issue this way:

> [F]airness to the employee and fairness to the employer-carrier are not symmetrical, and cannot be judged by the same standards. To this one employee, this one loss is everything—he or she has nothing against which to offset it. To the employer, and even more to the carrier, this is just one case among many. The rule operates impartially in both directions. Today this employer-carrier may be saddled with a slight extra cost; tomorrow the positions may be reversed, and the employer-carrier will be completely relieved of the cost of an injury to one of its employees in a concurrent-employment situation, when it happens to be the other employment in which the injury occurs. This is the essence of the concept of spreading the risk in a system like workers' compensation.

5 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 93.03(1)(c), at 93–57 to 93–58 (2000) (footnote omitted); *see Brodeur v. NMC Homecare*, 654 A.2d 443, 446 (Me.1995) ("The fact that Brodeur's concurrent employment may or may not be covered by

the Act has no bearing whatsoever on whether she is capable of earning that income.").

In summary, we are compelled—as was the *Hartman* court—to apply the pertinent statute according to its terms. Iowa Code section 85.36(9) defines weekly earnings as one-fiftieth of "the total earnings which the employee has earned from all occupations during the twelve calendar months immediately preceding the injury." We therefore reverse the judgment of the district court and remand to the agency for a re-calculation of the benefits to which Brown is entitled in accordance with the statute.

**REVERSED AND REMANDED.**

All justices concur except CARTER and TERNUS, JJ., who take no part.