**IN THE COURT OF APPEALS OF IOWA**

No. 13-0836
Filed July 30, 2014

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**NADIR TOPIC,**
          Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Robert J. Blink,

Judge.


A defendant challenges his conviction based upon insufficient evidence.

**REVERSED AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katie A. Fiala, Assistant Attorney

General, John Sarcone, County Attorney, and Olu Salami, Assistant County

Attorney, for appellee.


Considered by Vogel, P.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, P.J.**

In this appeal, we must decide whether sufficient evidence supports a jury's finding of guilt for second-degree theft by a home improvement contractor.

### I.      *Background Facts and Proceedings*

Nadir Topic was hired to replace windows in a home owned by Jared and Melinda Collins. Topic estimated the cost of the work to be $9080. He received a $6000 down payment but did not purchase or install the windows.

The State charged Topic with second-degree theft under the theft-by-taking alternative set forth in Iowa Code section 714.1(1) (2011) and the theft-by-deception alternative set forth in section 714.1(3). Before submission of the case, the State withdrew the theft-by-deception alternative, leaving only the theft-by-taking count before the jury. The jury found Topic guilty and this appeal followed.

### II.      *Analysis*

The jury was instructed that the State would have to prove the following elements:

> On or about the 27th of July, 2012, the defendant took possession or control of property belonging to Jared and Melinda Collins; and
>> 1. The defendant did so with the intent to permanently deprive Jared and Melinda of their property; and
>> 2. The property, at the time of the taking, belonged to or was in the possession of Jared and Melinda Collins.

This instruction is premised on Iowa Code section 714.1(1), which states a person commits theft when the person: "Takes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof."

Topic contends the State failed to prove he took "property of another." Iowa Code § 714.1(1). In his view, "he could not have taken possession or control of property" belonging to Jared and Melinda Collins because they "willingly gave him the $6,000" and, "[a]t that point, the property in question belonged to [him]." The State counters that this is a clear case of theft by taking because Topic took the money to order windows, never ordered the windows, never returned the money, and admitted he spent the money for personal purposes.

At first blush, it would appear that the State's rendition of facts should carry the day. *See State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984) (stating evidence is viewed in the light most favorable to the State and all legitimate inferences and presumptions that can be adduced from the record must be made in favor of the State). In this case, those facts are essentially undisputed, lending further weight to the State's position.

But the State's argument runs head-on into *State v. Galbreath*, 525 N.W.2d 424 (Iowa 1994). That case involved "a roofing contract gone awry." *Galbreath*, 525 N.W.2d at 425. Homeowners contracted with Galbreath to replace the home's roof and gave him a fifty-percent down payment. *Id.* Galbreath purchased the building materials but did not immediately begin the project. *Id.* The homeowners "entertained misgivings" about Galbreath and called him to terminate the contract. *Id.* Galbreath subsequently "performed no roofing work, and returned no money." *Id.*

Galbreath pled guilty to theft by misappropriation under section 714.1(2), a provision that, like section 714.1(1), refers to "property of another." *Compare*

Iowa Code § 714.1(2) (referring to misappropriation of "property of another") *with* § 714.1(1) (referring to taking possession or control of "property of another"). On appeal, Galbreath challenged the factual basis for the plea. The issue facing the court was identical to the issue raised by Topic: "whether payments advanced under a contract are 'property of another.'" *Galbreath*, 525 N.W.2d at 426. After canvassing out-of-state opinions, the court adopted the majority rule holding that "a down payment made pursuant to the terms of a construction contract is not held by the contractor as 'property of another.'"[1] *Id.* The court stated: "[I]n the context of an ordinary construction contract, cash advanced as a down payment will not qualify as 'property of another' because title and possession are transferred from the owner to the contractor-not in trust-but outright." *Id.* at 427.

As noted, this case involves a different code section—714.1(1).[2] But, as also noted, the pertinent language is identical. "Identical statutory language in

---

[1] Other states defining "property of another" have reached similar conclusions. *See State v. Guerrero*, No. 1 CA-CR 06-0897, 2007 WL 5248861, at *3 (Ariz. Ct. App. Dec. 20, 2007) (reversing conviction of contractor who received down payment for services and failed to perform, holding that down payment "did not constitute 'property of another'"); *State v. Coleman*, 33 A.3d 468, 473 (Md. 2011) (holding "when a defendant has a right to receive money or property, he cannot be guilty of stealing it"); *State v. Marshall*, 541 N.W.2d 330, 332-33 (Minn. Ct. App. 1995) (holding that security company who accepted advance payments could not be guilty of taking "property of another" when company failed to perform).

[2] Several opinions under the "theft-by-deception" statute—Iowa Code section 714.1(3)— bear mention. In *State v. Rivers*, 588 N.W.2d 408, 412 (Iowa 1998), the Iowa Supreme Court affirmed a jury's finding of guilty for second-degree theft under section 714.1(3) where a home remodeling contractor agreed to perform at least six home remodeling jobs, often began the jobs, took the balance of funds due and owing, and failed to complete the jobs. Although section 714.1(3) also refers to "property of another," the court did not address this language or its prior holding in *Galbreath*. Instead, the court focused on whether the defendant intended to perform at the time he accepted the down payments. In *State v. Tovar*, 580 N.W.2d 768, 771 (Iowa 1998), the court similarly focused on the meaning of deception under section 714.1(3) rather than the meaning of "property of another." In contrast to *Rivers*, the court concluded that the evidence did not support a finding that the defendant engaged in deception by failing to disclose the financial circumstances of his carpeting and wall covering business. *See also State v.*

different statutes should be given much the same meaning." *Farmers Co-op. Co. v. DeCoster*, 528 N.W.2d 536, 539 (Iowa 1995). Based on *Galbreath*, we conclude the $6000 check to Topic was not "property of another."

In reaching this conclusion, we have considered the fact that the delays in this case were far more substantial than the delays in *Galbreath*. In our view, this is a distinction without a difference. Galbreath's delay and ultimate failure to order and install the windows may support a breach-of-contract action for damages, but it does not change the fact that the check he received was his property and not "property of another."

As for the State's reliance on Melinda Collins's testimony that the money was earmarked for the window purchase, the Iowa Supreme Court explicitly rejected case law finding a theft under these circumstances. *See Galbreath*, 525 N.W.2d at 426-27 (stating "the outcome[] in . . . *Joy*, while perhaps satisfying, can only be reached through the legal fiction of converting an unconditional transfer to a transfer in trust") (*citing State v. Joy*, 851 P.2d 654, 659 (Wash. 1993)). *See also State v. Caslavka*, 531 N.W.2d 102, 105 (Iowa 1995) (noting defendant agreed to purchase products in his own name rather than as customers' agent and transaction gave rise to a contractual relationship rather than a trust relationship that would permit a finding that he was holding the "property of another").

---

*Burkle*, No. 01-1371, 2003 WL 22015525 (Iowa Ct. App. Aug. 27, 2003) (relying on *Rivers* to conclude that the State proved theft by deception where the defendant received two checks for materials and did not use the money to pay for the materials, but not addressing the "property of another" language of the statute). Because these opinions focused exclusively on the term "deception," we conclude they are inapposite.

Because the State failed to establish that the $6000 check belonged to the Collins, the jury's finding of guilt is not supported by substantial evidence. *See State v. Hennings*, 791 N.W.2d 828, 832 (Iowa 2010) (setting forth standard of review). We reverse Topic's judgment and sentence and remand for entry of judgment of acquittal. *See Caslavka*, 531 N.W.2d at 108.

**REVERSED AND REMANDED.**